406 So.2d 322 (1981)
Audrey Ann JORDAN, Plaintiff-Appellee,
v.
Glen R. JORDAN, Defendant-Appellant.
No. 8511.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Robert C. Johnson, Kisatchie Legal Services, Natchitoches, for plaintiff-appellee.
Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for defendant-appellant.
Before DOMENGEAUX, SWIFT and YELVERTON,[*] JJ.
DOMENGEAUX, Judge.
The defendant-appellant, Glen Richard Jordan, brings this appeal from the trial court's judgment refusing to terminate or reduce the right of his former spouse, Audrey Ann, to post divorce alimony. We affirm.
*323 On January 12, 1979, Audrey Ann, after having filed suit for separation, filed a supplemental petition for divorce against Glen. On February 15, 1979, the trial court rendered judgment in favor of Audrey Ann granting her a final divorce and awarding her post divorce alimony in the amount of $35.00 per week commencing February 16, 1979. Subsequent to the above mentioned decree, on March 4, 1979, Audrey Ann filed a rule to make past due alimony executory. This resulted in a judgment in her favor. Following that judgment, Glen, who was gainfully employed at the time, paid each weekly installment until December, 1979, and shortly thereafter, Audrey Ann filed another rule to make past due alimony executory alleging that Glen was six (6) weeks in arrears on his alimony payments to her. On December 12, 1979, Glen filed a rule to terminate or reduce the alimony which the court had previously condemned him to pay. A hearing on both rules was subsequently held and the court denied Glen's request for either a reduction or termination of post divorce alimony. On May 15, 1980, Audrey Ann filed still another rule alleging that Glen was some ten (10) weeks in arrears on his alimony payments. Pursuant to hearing held, the trial court again rendered judgment in favor of appellee. On July 1, 1980, Glen filed another rule to have the court reduce or terminate the permanent alimony. After a hearing on September 4, 1980, the trial court again denied his request for either a reduction or termination.
On December 3, 1980, Audrey Ann filed another rule to make past due alimony executory. A hearing was held on December 15, 1980, wherein Glen was adjudged in contempt of court and given a deferred sentence as long as he maintained his alimony payments and liquidated his arrears. On January 27, 1981, Audrey Ann filed yet another rule, this time to have Glen held in contempt for failing to make his alimony payment to her for the month of January, 1981. Glen was served with a copy of this rule on February 2, 1981, and on February 6, 1981, filed another rule to terminate or reduce the alimony. A hearing was held on this rule on February 10, 1981, wherein the court again rendered judgment denying Glen's request for either a reduction or termination. The judgment was signed in chambers on March 23, 1981, and it is this judgment from which Glen has perfected this devolutive appeal.
The only issue on appeal is whether the trial court erred in its denial of appellant's request for either a reduction or termination of post divorce alimony.
Article 160 of the Louisiana Civil Code provides the following:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
Article 232 of the Louisiana Civil Code further provides:
"When the person who gives or receives alimony is replaced in such a situation *324 that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."
An award of alimony previously fixed and determined is not subject to reduction unless a change of circumstances in the person obligated to pay or the person to whom the payments are made can be demonstrated. Zara v. Zara, 204 So.2d 76 (La. App. 4th Cir. 1967); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). The trial court has wide discretion in matters concerning alimony and his conclusion on such matters should not be disturbed except for manifest error. Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir. 1979).
Our review of the record reveals the following facts. The appellant Glen is 39 years of age, in fair health and has remarried for a third time. In addition, the evidence reflects that appellant is supporting several individuals of his present and past marriages.[1] The appellee Audrey Ann is a single person who supports herself and one (1) minor child of a previous marriage. Appellant argues that his obligations resulting from his subsequent marriage impedes his ability to pay the alimony awarded appellee. The trial judge evidently placed little emphasis on the expenses of the appellant's second marriage. He considered this same argument at previous hearings. Such expenses may, under some circumstances be taken account of in determining the extent of the husband's liability. Here, however, we find no error on the part of the trial judge for not considering the expenses of appellant's second marriage. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Marcus v. Burnett, 282 So.2d 122 (La.1973).
From the record, it is also readily apparent that the appellant's and the appellee's financial situation have not so changed that the trial court should reduce or terminate permanent alimony. On all occasions in which the trial court ruled on the question of reduction and termination of alimony, the facts have remained substantially the same. We find that the trial court did not commit manifest error or abuse its wide discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to Glen Richard Jordan.
AFFIRMED.
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, presided as Judge ad Hoc in this decision.
[1] His present wife receives some $500.00 per month in social security benefits for her minor children, who are also included among the individuals in appellant's household.