413 So.2d 592 (1982)
Cynthia Henderson KIRK
v.
Ben Truett KIRK.
No. 14659.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*593 Alan S. Fishbein, Baton Rouge, for plaintiff.
Douglas T. Curet, Hammond, for defendant.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
Cynthia Henderson Kirk and Ben Truett Kirk were divorced by judgment September 2, 1980. In the judgment, Dr. Kirk was ordered to pay Mrs. Kirk alimony in the amount of $500.00 per month. Subsequently, Mrs. Kirk filed a rule for past due alimony and for contempt, alleging Dr. Kirk's failure to pay the alimony due in November and December, 1980. Dr. Kirk filed a rule for a decrease in alimony and Mrs. Kirk filed another rule for an increase. All rules were tried simultaneously. After trial, judgment was signed making the rule for past due alimony absolute, denying the rule for an increase and reducing the alimony from $500.00 per month to $250.00 per month. Mrs. Kirk has appealed from that part of the judgment reducing the alimony.
Dr. Kirk married on October 17, 1980, Martha Harkness, the mother of his illegitimate child. Prior to his divorce, he had been paying $250.00 per month for the support of the child. He was not sure when he and Mrs. Harkness had begun living together or when he had stopped paying the $250.00 per month. However, Dr. Kirk knew that he was going to marry Mrs. Harkness when the divorce was granted, and when he stipulated to alimony at the rate of $500.00 per month. The record further shows that Dr. Kirk's salary was the same at the time of the divorce and at the time that he asked for a decrease in alimony. Dr. Kirk was also in business as a general contractor, building houses for sale. His corporation was the owner of $30,000.00 in certificates of deposit, and he and the first Mrs. Kirk were the owners of a $10,000.00 certificate of deposit. The interest on these certificates was allowed to accumulate, and was not counted as part of the income of either party. At the time of the trial, the corporation had just completed building a house, which was for sale. Dr. Kirk had purchased from the corporation for a price substantially below the market price a second house, in which he was living with his second wife and child. The second Mrs. Kirk had a net income of $832.00 per month.
Dr. Kirk's affidavit of income and expenses showed a total monthly income of $2,245.93 including the income of his second wife and total expenses of $1,984.00, leaving a balance of $261.93 available for the payment of alimony. The expenses include $100.00 for savings, $50.00 for the support of the Harkness children, and all other expenses resulting from Dr. Kirk's second marriage.
Mrs. Kirk's affidavit shows a monthly net income of $697.18 and living expenses of $1,566.00. However, she testified she could get by if the alimony were continued at $500.00 per month.
An alimony award, once fixed, either by trial or by stipulation, is not subject to change unless a substantial change of circumstances in either party can be shown. Jordan v. Jordan, 406 So.2d 322 (La.App. *594 3rd Cir. 1981). The trial court is vested with broad discretion in such matters, and its conclusion will not be disturbed unless there is an abuse of that discretion.
In this case, no change of circumstances has been shown other than Dr. Kirk's second marriage, which was contemplated at the time the alimony was first stipulated. Although it is true that the expenses of a subsequent marriage are a factor to be considered in determining whether alimony should be reduced, generally this factor is given little weight. In a case such as this, in which there are no other changes in circumstance, in which the second marriage relieved the husband of a $250.00 per month obligation, and in which the income for the certificates of deposit and the contracting corporation was not taken into account, we think the remarriage, standing alone, is not a sufficient change to justify the reduction, in the light of Mrs. Kirk's evident need.
The judgment appealed from is therefore reversed insofar as it reduces the alimony, and there will be judgment in favor of Cynthia Henderson Kirk and against Ben Truett Kirk, dismissing the rule for a decrease in alimony. All costs, in this court and the court below, shall be paid by Ben Truett Kirk.
REVERSED AND RENDERED.