422 So.2d 523 (1982)
Catherine C. VIAL
v.
Dr. Richard H. VIAL.
No. 5-222.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
*524 Olden C. Toups, Jr., New Orleans, for plaintiff and appellee.
Gerald A. Stewart, New Orleans, for defendant and appellant.
Before BOUTALL, BOWES and CURRAULT, JJ.
BOWES, Judge.
Defendant, Richard H. Vial, appeals from a judgment by the District Court, Wallace C. LeBrun, Judge, increasing previously awarded child support from $250.00 a month for each of two children to $750.00 per month per child and a corresponding decrease in alimony from $1,700.00 per month to $757.71 per month.
Appellant and appellee agree that the original judgment of alimony and child support was a consent judgment and that the amounts of alimony and child support awarded were divided as they were to give appellant, Dr. Richard H. Vial, a tax advantage. Mrs. Vial had originally asked for $1,100.00 per month child support and $1,100.00 per month alimony. By increasing the alimony award to $1,700.00 and decreasing the child support award to $500.00, Dr. Vial was able to obtain a $600.00 per month tax deduction. Appellant then sought to take further advantage of the original award by filing a rule to reduce the child support to a total of $400.00 per month and to terminate the permanent alimony award. Appellee, Catherine Vial, countered that action by filing a rule for an increase in alimony and child support.
The District Court judgment, from which Dr. Vial appeals, insignificantly changed the total monthly liability of Dr. Vial (from $2,200.00 per month to $2,257.71 per month). What the judgment did, apparently in response to appellee's rule to increase child support, was to reapportion almost the exact amount per month that Dr. Vial had agreed to pay at the time of his divorce to more accurately represent how that money should be used in support of his ex-wife and their two children. While the judgment of the District Court does change both the alimony and child support awards, this court takes note that for all practical purposes the monthly obligation of Dr. Vial to his former family is unchanged.
In a case very similar to the one before this court, the Louisiana Supreme Court was called upon to determine the burden of proof a spouse must carry to be successful in a rule to reduce alimony. Addressing that question, the Court stated:
(3) In the case at bar the original alimony award, contained in the 1971 divorce decree, was rendered with the consent of Dr. Loyacano. This consent amounted to a judicial admission on his part that his wife was entitled to alimony. Therefore, when Dr. Loyacano filed his rule to decrease or revoke the alimony, it was incumbent upon him to prove that Mrs. Loyacano's circumstances, or his own, had changed in order to obtain a reduction or revocation of the alimony. Loyacano v. Loyacano, 358 So.2d 304 (La.1978), Rehearing Granted April 10, 1978 and the cases quoted therein.
*525 The well-settled jurisprudence of our state is that in dealing with alimony two different determinations are to be made. The first determination, whether or not the spouse seeking alimony is entitled to such alimony, is made upon the divorce of the spouses or at the time either spouse first applies for alimony. This determination need be made only once and, at that time, all the factors enunciated by the Supreme Court in Loyacano, supra, should be considered by the court in reaching a conclusion, namely: Income and property of the spouse; cost of food, shelter and clothing; reasonable and necessary transportation or automobile expenses; medical and drug expenses; utilities; household expenses; income tax liability generated by the alimony payments to the former spouse; the liquidity of the spouse's assets; the relative financial positions of the parties; the type of asset under consideration and the consequences of its liquidation.
The second determination is a continuing one; that is, if a substantial change of circumstances has occurred since the award of alimony (or since the last change in that award). This second analysis is made each time either spouse files a rule to increase, decrease, or terminate alimony previously granted. Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982) Rehearing Denied; Blondeau v. Blondeau, 396 So.2d 403 (La. App. 1st Cir. 1981); Sonfield v. Deluca, 385 So.2d 232 (La.1980). In making this second decision, the court is bound to limit its inquiry into a substantial change in circumstances of either or both spouses. To go beyond this would be to relitigate the first determination each time a rule was filed or, to put it another way, looking beyond a change of circumstances would allow a spouse condemned to pay alimony to appeal this judgment each time a rule affecting the amount of the judgment was filed.
In the case before this court, we can find no substantial change in circumstances of either Dr. Vial or the former Mrs. Vial between the original consent judgment of alimony and child support in July, 1979, and the judgment of July, 1981, from which this appeal was perfected, which would justify a reduction in total support payments. In fact, the only change of any significance appears to be an $8,100 increase in Dr. Vial's income. The income tax return of Richard and Catherine Vial for the year 1978 shows their gross income at $47,908.00. The reluctant testimony of Dr. Vial at the hearing on October 9, 1980, after being faced with documentary proof, placed his gross income at approximately $56,000.00. This $56,000.00 figure was once again testified to on June 5, 1981.
Appellant contends that he has remarried and now has two children by his second wife; that his second wife is no longer working and hence his income has been reduced by $16,000.00; and that the expenses of his second marriage make it impossible to make the payments awarded by the court. He further contends that his former wife, Catherine, owns a one-third interest in a million dollar apartment complex and that she has specialized training that would enable her to earn approximately $24,000.00 per year and, thus, she does not need alimony.
In Kirk v. Kirk, 413 So.2d 592 (La.App. 1st Cir.1982), our brothers of the 1st Circuit stated, "Although it is true that the expenses of a subsequent marriage are a factor to be considered in determining whether alimony should be reduced, generally this factor is given little weight." (emphasis added). Similar language was used by our Supreme Court in Sonfield v. Deluca, supra, wherein Justice Marcus stated:
We agree with the finding of the trial court that placed little emphasis on the expenses of plaintiff's second marriage. While these expenses, like other circumstances, should be taken into account in determining the amount of alimony plaintiff must pay, we are unable to see how these expenses could completely negate his obligation to support his ex-wife under art. 160. See Marcus v. Burnett, 282 So.2d 122 (La.1973).
This factor was fully brought out in the testimony and there is no evidence that the trial judge did not fully consider this in arriving at his decision.
*526 Dr. Vial was not remarried at the time of the original support award, and the record is devoid of any proof that the present Mrs. Vial was contributing to his income, hence the gain and subsequent loss of his second wife's salary cannot be considered a change of circumstances.
At the time of her divorce from Dr. Vial, Catherine Vial was not working and had custody of and the responsibility of caring for the two children. She also possessed all the property which Dr. Vial calls to the court's attention in his attempt to show that his former wife has no need for alimony. Appellee has not increased these holdings; in fact, if any change has taken place, it would be a depletion of some assets by Mrs. Vial.
Clearly, appellant failed completely to carry his burden of showing that Mrs. Vial's circumstances or his own had changed to such an extent as to cause this court to conclude that the July, 1981, judgment of the District Court was either manifestly erroneous or an abuse of discretion.
For the foregoing reasons, the decision of the District Court is affirmed.
AFFIRMED.