LOTTINGER, Judge.
This appeal arises from a rule to increase child support and alimony filed in the Family Court for East Baton Rouge Parish by Alice Blade McLin against her former husband, Clyde Milton McLin. The trial court increased child support from $200.00 to $225.00 per month for each of the two children of the marriage, but declined to increase alimony. Mrs. McLin has appealed devolutively.
The divorce decree originally rendered as between the parties ordered Mr. McLin to pay three existing community debts, in the total amount of $181.95 per month, and further provided:
“however, that on liquidation of these community obligations, the obligations of defendant, Clyde Milton McLin to pay permanent alimony shall be reduced as the debts are liquidated respectively, and accordingly, when the said debts have been paid in full the obligation of defendant, Clyde Milton McLin to pay permanent alimony shall terminate, reserving however the right to the plaintiff wife to seek a refixing of an amount of alimony upon a proper showing.”
Testimony at the trial of the rule indicated that the community debts which Mr. McLin was ordered to pay had been liquidated by the time of trial. Thus, the only issue on appeal is whether Mrs. McLin made a “proper showing” in the trial court so as to entitle her to a refixing of alimony.
In order to modify a judgment or consent decree awarding alimony, the party seeking to modify the award must show there has been a change in the circumstances of one or the other of the parties from the date of rendition of the alimony judgment to the time of the trial of the rule demanding modification Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir.1976).
Mrs. McLin argues that her income has decreased due to unemployment and that her expenses have increased. However, the record indicates that Mrs. McLin was also unemployed when the original decree was signed; thus, the trial court found correctly that her circumstances had not been changed by unemployment. While Mrs. McLin presented evidence that her expenses had increased, some of the increases were for household expenses and other items which must be partially attributed to the children.
Mr. McLin testifies that his expenses had increased due to his remarriage and his federal income tax liability. Mr. McLin’s present wife is unemployed and Mr. McLin helps support her child from a previous marriage. Expenses of a later marriage is a factor which may be taken into account in determining a spouse’s ability to pay alimony and whether this ability has changed Sonfield v. Deluca, 385 So.2d 232 (La.1980). While Mr. McLin has liquidated a business debt of about $1,000.00 per month, he must now pay back taxes owed at $250.00 per week. Mrs. McLin points out that two other major expenses of Mr. McLin, his boat note and the note on his wife’s car, were to be liquidated shortly after the trial on the rule. We are of the opinion that these matters address themselves to future deliberation and review Graves v. Graves, 197 So.2d 206 (La.App. 1st Cir.1967).
The trial court has wide discretion in matters concerning alimony and its conclusions should not be disturbed except for an abuse of that discretion. Jordan v. Jordan, 406 So.2d 322 (La.App. 3rd Cir.1981); Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir.1979). Although we are convinced that Mrs. McLin’s needs have increased, we are of the opinion that Mr. McLin’s ability to pay has decreased. Inasmuch as these two considerations tend to offset each other, we find no abuse of discretion by the trial court.
Therefore, for the above and foregoing reasons, the judgment of the trial court increasing child support and denying an increase in alimony is hereby affirmed. All *1236 costs of this appeal are to be borne by plaintiff-in-rule-appellant, Alice Blade McLin.
AFFIRMED.