447 So.2d 22 (1984)
Florence Fruge ARABIE
v.
Joseph ARABIE.
No. 83-CA-0317.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*23 Rhett R. Ryland, Baton Rouge, for plaintiff-appellee Florence Fruge Arabie.
Teddy W. Airhart, Jr., Baton Rouge, for defendant-appellant Joseph Arabie.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
On November 15, 1982, plaintiff, Joseph Arabie, filed a motion to reduce a $200.00 per month alimony award on the ground that his former wife is no longer in necessitous circumstances. The trial judge denied the motion on January 20, 1983. Plaintiff appeals, alleging abuse of discretion. We affirm.
Florence Fruge Arabie (Flo) obtained a divorce from Joseph Arabie (Joe) on September 2, 1977. Flo was awarded custody of their minor child Rhonda, who was eleven years old at the time. Joe was ordered to pay $200.00 per month alimony and *24 $200.00 per month child support. On April 25, 1978, Joe filed a motion to suspend payment of the alimony and child support awards until he could find work. The record does not indicate the disposition of that motion.
At the time of the divorce, Flo had only one "small part-time job," from which she earned an average of $80.00 a month ($12.00 a day sitting for an old woman who later died). Sometime in 1979, she went to work for the Basile Care Center, Inc. After Rhonda came down with hepatitis in September of 1980 and required hospitalization, Flo went to work full time at the Southwest Louisiana State School in October of 1980, retaining her job at the Basile Care Center on a part-time basis.[1] She averages anywhere from 20 to 48 hours every two weeks (no more than four hours on any one day) at Bazile, and works a full eight-hour day, five days a week at the school. She has poor health and is troubled with a crippled left foot. She testified that she is working against her doctor's advice.
Since the divorce, Joe has remarried and is now gainfully self-employed. He and his new wife own a grocery store in Livingston. He has a gross income of $2,012.01.
Flo's gross income from her two jobs, plus the $400.00 alimony and child support payments, total $1,447.14 per month. Subtracting the $400.00 alimony and child support awards and her itemized payroll deductions, totalling $267.88, her monthly net income equals $779.26. Flo claims the following monthly itemized expenses, totalling $1,165.00:

Housing................................. $150.00
Food and household supplies............. 250.00
Clothing................................ 30.00
Transportation.......................... 60.00
Medical and dental...................... 25.00
Utilities (Electrical Gas, Water &
 Telephone)............................ 175.00
Personal and grooming................... 20.00
Educational expenses (School, lunch,
 books, etc.)........................... 15.00
Entertainment........................... 28.60
Fixed Obligations (Finance Co., Bank
 Loan, etc.)
 Gulfco & Southwest (loan)............. 187.00
 Car note ............................. 198.00
 Bazile & Elton (bank loan)............ 162.00
 Hosp. (Rhonda, hepatitis)............. 25.00
 Howard Brothers ...................... 17.00
 Western Auto ......................... 25.00
Life & Burial Insurance ................ 67.00

LSA-C.C. art. 160 authorizes alimony after divorce to the spouse, not at fault, who proves that he or she is in necessitous circumstances.[2]Frederic v. Frederic, 302 So.2d 903 (La.1974); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). But the spouse seeking alimony is limited to a sum sufficient for his "maintenance," which includes the expenses for food, clothing and shelter, as well as reasonable and necessary transportation or automobile expenses, utilities, household expenses and the income tax liability generated by the alimony payments made to the former spouse. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Kean, 388 So.2d 398. The alimony award shall be revoked if it becomes unnecessary, LSA-C.C. art. 160, but to prevail in an action to reduce or terminate the previous alimony award, the plaintiff must prove a change in the defendant's or his own circumstances from the time of the divorce to the time of the motion which justifies the reduction or termination. Sonfield v. Deluca, 385 So.2d 232 (La. 1980); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Jordan v. Jordan, 406 So.2d 322 (La.App. 3rd Cir.1981). Although the expenses of the second marriage should be *25 considered in an action to reduce alimony, the paying spouse's remarriage alone is not enough to warrant a reduction if the receiving spouse is still in need. Sonfield, 385 So.2d 232; Jordan, 406 So.2d 322. Finally, a trial court's determination whether to reduce, increase, or continue the amount of alimony should not be overturned or modified by an appellate court absent a clear abuse of discretion. Id.
Appellant contends mainly that the trial judge improperly considered certain listed expenses which do not fall within the category of expenses allowed under the term "maintenance." He also argues that certain listed expenses were acquired by appellee's own unwise purchases and that he should not be penalized for them.
In particular, he points out that since the divorce, Flo has bought and sold four automobilesa 1977 Toyota, two secondhand Malibus, and her currently owned 1981 Chevy Citation. She also secured two loans, one from Southwest Loan with an outstanding balance of $1,257.86, and one from Gulfco with a balance due of $1,700.00, to buy furniture for her house. Her monthly note for both loans totals $187.00. She also borrowed some money from the Bazile & Elton Bank for an unspecified purpose. That monthly note is $162.00. Finally, she listed monthly expenses for life and burial insurance ($67.00), credit purchases from Western Auto ($25.00) for tires and the baby bed for Rhonda's baby, Rhonda's hospitalization during her bout with hepatitis ($25.00), educational expenses ($15.00), and entertainment ($28.60)none of which are maintenance expenses.
We do not think the $198.00 a month car note on the Citation is an unreasonable transportation expense, even though Flo purchased four cars in a little over four years. As Flo explained, she traded in the Toyota for a secondhand Malibu because of maintenance problems. The Malibu's engine burned up, so she bought another one. Her second Malibu, with a large V-8 engine, proved uneconomical to operate, so she purchased a more economical four-cylinder Citation. She is entitled to transportation to and from her two jobs, and under the circumstances, her purchase of a new but economical four-cylinder automobile, after experiencing maintenance and operation difficulties with larger, uneconomical used automobiles, was not unreasonable. Cf. Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir.1982).
Nor do we think that her furniture expenses are either disallowed under art. 160 or unreasonable under the circumstances. However, if we exclude that expense along with the above listed expenses which do not fall within the listed items allowed for her maintenance, her monthly expenses still total $740.40, which when subtracted from her net income minus the alimony and child support payments, leaves her with an excess of only $38.86 a month. See Palmatier v. Palmatier, 394 So.2d 731 (La. App.3rd Cir.1981).
Because of her crippled foot, Flo testified she intends to quit her second job after she pays off Rhonda's hospital bill. She nets only $250.00 every two weeks from her job at the Southwest State School. Thus, even though Flo's situation has changed since the divorce, it has not significantly improved. Joe's situation on the other hand has improved. Unemployed after the divorce, he is now self-employed, earning over $2,000.00 a month. Even though the trial judge did not consider the expenses of Joe's second marriage,[3] we cannot say that under the circumstances he abused his discretion in continuing the $200.00 monthly alimony award.
For the foregoing reasons, the decision of the trial court is affirmed. The plaintiff-appellant *26 is to pay all costs of these proceedings.
AFFIRMED.
NOTES
[1] Flo testified that Joe has not helped out at all with Rhonda's hospital bills: Joe had hospitalization insurance covering Rhonda but refused to let her file a claim for the coverage. Moreover, Rhonda, now 16, gave birth to an illegitimate child about three weeks prior to the hearing on the motion to reduce alimony. The child's father and his parents have been helping out with the support of the child, but Rhonda and the child still live at home with Flo.
[2] Civil Code art. 160 was amended twice in 1982 by Acts, No. 580, § 1, and Acts, No. 293, § 1, both effective September 10, 1980. These two acts present an apparent conflict which is irrelevant to the proceedings before us.
[3] Actually, no evidence of Joe's financial situation beyond his gross monthly income was ever introduced. His counsel correctly agreed with the judge that evidence of Joe's expenses is irrelevant to the determination of Flo's needs. See Kean, 388 So.2d at 401. But his counsel thereafter did not attempt to re-introduce that evidence which is relevant to the determination of Joe's financial means, or ability to pay.