ARMSTRONG, Judge.
The defendant, Anthony Ropera, is appealing the trial court’s denial of his motion to terminate alimony pendente lite.
The record reflects that plaintiff, Joan Ropera, filed a petition for separation in May 1982 alleging mental and physical cruelty and infidelity. She was granted a separation in April 1983, and the trial court found her to be free of substantial fault. Anthony Ropera appealed that decision. While his appeal was pending, Mr. Ropera obtained a divorce on December 22, 1983, on the grounds of living separate and apart for one year. In the December 22, 1983 divorce judgment, the lower court ordered *29 that Mr. Ropera continue to pay alimony “until further orders of this Court setting permanent alimony ...”
On January 11, 1984, following a hearing, Mrs. Kopera’s rule for increase of alimony was dismissed and her rule for increase of child support was granted, increasing said amount to $800.00 per month.
On March 14, 1984, we affirmed the trial court’s ruling in the original separation ease, 447 So.2d 67. On April 2, 1984, Mr. Ropera filed a motion to terminate alimony pendente lite. On April 6, 1984, Mrs. Rop-era filed a motion to increase child support, and on May 4, 1984, she amended her motion to seek permanent alimony. A hearing was held on such motions on June 5, 1984, and on June 12, 1984 the trial court issued its judgment dismissing both the motion to terminate alimony pendente lite as well as the motion to increase child support. We note that although Mr. Ropera had filed a “motion to terminate alimony pendente lite,” the trial court referred to such motion in its judgment as merely a “motion to terminate alimony.” We also note that the trial court did not specifically rule on Mrs. Ropera’s motion for permanent alimony.
In its Reasons For Judgment issued on June 12, 1984, the trial court stated:
... I am of the opinion that, regardless of the party responsible for carrying the burden of proof, the award of alimony and child support heretofore made is not unreasonable. However, I am also of the opinion that it is incumbent on Mr. Ropera to show a change of circumstances sufficient to justify the relief sought. He has admitted that there has been no such change of circumstances....
Mr. Ropera argues that because a different standard is applied for alimony penden-te lite than is applied for permanent alimony, he was not required to show a change of circumstances. We agree.
In order to modify an award of alimony, whether alimony pendente lite[1] or alimony after divorce,[2] the spouse seeking the modification must show a change of circumstances supporting the modification. Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.1983), writ denied, 434 So.2d 1094 (La.1983); Whatley v. Whatley, 430 So.2d 129 (La.App. 2nd Cir.1983). But because the factors to be considered in awarding alimony pendente lite are different from those used in setting alimony after divorce, this rule only applies to a modification of a prior award of alimony and not to the initial fixing of alimony after divorce.
It is well settled that
[wjhen the court awards less alimony after divorce than was awarded pendente lite, it is not just “adjusting” a prior alimony award but is, instead, making a new award based on completely different considerations. Under Civil Code article 160, permanent alimony is in the nature of a pension. Alimony pendente lite, however, in article 148, is based on the husband’s obligation to support his wife during *30 marriage. Vanier v. Vanier, 344 So.2d 1077 (La.App. 3rd Cir.1977).
Wasson v. Wasson, 402 So.2d 718, 720 (La.App. 1st Cir.1981); Lormand v. Mouton, 337 So.2d 920 (La.App. 3rd Cir.1976).
It is clear, therefore, that in the instant case the trial court erred in requiring Mr. Kopera to prove a change of circumstances. While it is true that the trial court found the amount of alimony to be reasonable regardless of who bore the burden of proof, it is not clear whether the trial court would have reached the same conclusion had it taken into account the proper considerations. Because the questions of entitlement to and amount of alimony depend in large part on the fact finder’s determination of credibility, we believe that this matter should be remanded for retrial of the motion for permanent alimony.
For the foregoing reasons, the trial court’s denial of appellant’s motion to terminate alimony pendente lite is reversed, and this matter is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. LSA-C.C. art. 148, relative to alimony penden-te lite, states:
If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse. Thus, alimony pendente lite is available only pending suit for separation or divorce. Mason v. Mason, 451 So.2d 1257 (La.App. 4th Cir.1984)

. LSA-C.C. art. 160, relative to alimony after divorce (as amended by Acts 1982, No. 580, 1) provides in pertinent part:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income_ In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.