LOBRANO, Judge.
The trial court awarded appellee, Dr. Mary Lou Courrege, past due alimony in the amount of $20,400.00 and reduced appellant Dr. James Cabaniss’ alimony obligation from $600.00 to $400.00 per month for a period of one year (thru October 1, 1985). He also awarded appellee $1,500.00 attorney fees.
Appellant perfects this appeal alleging that the trial court was in error in the following respects:
1) In awarding arrearage during the time period when appellee was gainfully employed;
2) In failing to eliminate the permanent alimony;
3) In awarding $1,500.00 in attorney fees.
STATEMENT OF FACTS:
Appellant and appellee were divorced in 1975. At the time of their divorce, appellant was a licensed physician. Appellee had undergraduate degrees in bacteriology and a masters degree in microbiology.
In 1977 appellant was ordered to pay alimony in the amount of $400.00 per month. That amount was increased to $600.00 per month in 1978. At that time appellee had no income, but was enrolled as a full time medical student. Subsequent to the 1978 alimony order, appellee obtained various judgments for past due alimony in the amounts of $1,200.00, $3,000.00 and $11,400.00. The last judgment prior to the instant case was December 7, 1981.
Appellee was unable to collect any of these judgments and as a result was forced to make several loans to meet her every day living expenses. She completed her education and received her medical degree in May 1982. She began her internship in July of 1982, earning $17,700.00 per year. In June of 1983, she began her residency in dermatology earning $22,724.00 per year. At the time the instant rules were filed, she was in her second year of residency earning $23,721.00 per year.
ARREARAGE:
Appellant argues that the trial court erred in awarding arrearages during the period of time following appellee’s employment. His argument is based on equitable grounds, citing Gravel v. Gravel, 355 So.2d *657 1057 (La.App. 4th Cir.1978), and on the grounds that there was an agreement that alimony would terminate in May of 1982 when appellee received her medical degree, citing Spencer v. Spencer, 472 So.2d 302 (La.App. 3rd Cir.1985).
Our jurisprudence is settled that an alimony award remains in full force and effect until the party condemned to pay same applies to the courts for reduction or termination. Coleman v. Coleman, 209 So.2d 801 (La.App. 2nd Cir.1968). An alimony judgment is not a final judgment but is always subject to review and/or change by the court which rendered it. Wright v. Wright, 189 So. 866, 179 So. 866 (1938). Although not necessarily exclusive, an acceptable procedure for reduction or modification is to proceed by contradictory motion. La.C.C.Pro. Art. 3945; Halcomb v. Halcomb, 352 So.2d 1013 (La.1977).
Once alimony payments accrue they become a property right which cannot be divested except by operation of law. Relief lies in application to Court. Pisciotto v. Cruda, 224 La. 862, 71 So.2d 226 (1954); Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir.1974).
The record is clear that prior to the instant action appellant had never sought termination or reduction of his alimony obligations. His reliance on the equitable principle set forth in Gravel v. Gravel, supra, is misplaced. In Gravel this Court held that since the wife had concealed the fact of her employment from her former husband, her fraudulent intent prevented the accrual of alimony from the date of her employment. Such is not the situation in the instant case. There is no evidence of any fraudulent intent by appellee to conceal the fact of her employment.
Although the holding of Spencer v. Spencer, supra, recognizes that an alimony agreement between a husband and wife can be enforceable, even though not included in a judgment or order, there is no evidence to substantiate such an agreement in this case. In Spencer there was a clear written agreement between the parties spelling out the terms and conditions of the alimony payment. In the instant case, appellant alleges that there is an oral agreement that he would financially assist appel-lee until such time as she finished medical school. Although appellee acknowledges that appellant agreed to assist, there is nothing specific as to the intent of the parties with regard to amount or termination date. Arguably, appellee is still in medical school during her internship and residency.
We therefore affirm the trial court’s judgment for arrearages.
REDUCTION OR TERMINATION OF ALIMONY
Even though the. trial court reduced the monthly alimony obligation from $600.00 to $400.00 per month with a termination date of October 1, 1985, appellant argues that it should have been completely terminated.
Article 160[1] of the La. Civil Code provides in pertinent part:
“Wheh a spouse ... has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony ...”
“In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; ... the time necessary for the recipient to acquire appropriate education, training or employment; ... and any other circumstances that the court deems relevant.”
“In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.” *658 “Permanent periodic alimony shall be revoked if it becomes unnecessary....”
The above cited article clearly mandates that permanent alimony must be revoked if it becomes unnecessary to the recipient. The spouse obligated to pay permanent alimony may seek a revocation of such alimony whenever changed circumstances in the posture of the payor and/or recipient justify a termination. Rains v. Rains, 376 So.2d 1298 (La.App. 2nd Cir.1979); Kees v. Kees, 292 So.2d 307 (La.App. 1st Cir.1974). “An interrelated complex of factors is utilized in determining the adequacy of, or lack of need for a given amount of alimony. These considerations have been broadly drawn and encompass income, means, assets and earnings capacity of the spouses, as well as their liabilities and obligations.” Gray v. Gray, 451 So.2d 579, 586 (La.App. 2nd Cir.1984).
In the instant case we find that there was a definite change in the financial circumstances of appellee since the original alimony award. At that time she had no income, whereas she was earning $23,-724.00 when appellant filed his rule to terminate. The question to be resolved, therefore is whether her income is sufficient to procure the basic necessities of life such as food, shelter and clothing, as well as other household expenses. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writ denied, 438 So.2d 1111.
A review of appellee’s testimony convinces us that the trial court was in error when he awarded $400.00 per month for a one year period. Although appellee submitted a list of income and expenses which reflected that her expenses exceeded her income, she also testified unequivocally that the only reason she needed alimony was to help satisfy outstanding obligations incurred because of appellant’s failure to pay previous alimony judgments. We quote her testimony as follows:
“Q. So, as a result of him not paying you any [alimony], did you have to go out and make loans to sustain yourself through medical school?
A. Of course.
Q. Are you still paying on those loans?
A. I have not even begun to begin [sic] paying back those loans except in small amounts.
Q. Had he been paying you all along, you would be in a position to say ‘Hey, I don’t need any alimony at this point?’
A. That is correct.
Q. Had he been paying you as he was ordered and as you went along, you wouldn’t be in a position to need any alimony continuing at this point?
A. That is correct.
Q. Because you would have had enough money to sustain yourself as you went along?
A. Without loans.”
It is the opinion of this court that the trial judge was in error in considering appellee’s loans as part of her needs since the judgment for arrearages, in effect, was payment. Her own testimony shows she could support herself with her present income. Accordingly, that part of the judgment ordering alimony in the amount of $400.00 per month for a one year period is reversed.
ATTORNEY FEES
Appellant asserts that the award of attorney fees in the amount of $1,500.00 is so excessive as to be penal in nature.
La.R.S. 9:305 provides:
“When the court renders judgment in an action to make past due alimony or child support executory, the court may award reasonable attorney fees in favor of the prevailing party.”
The above cited statute has been applied when no reasonable explanation is given for failure to pay an alimony award. Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir.1980); Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir.1979).
We do not find the award excessive, and affirm same.
*659 Accordingly that part of the lower court judgment awarding appellee alimony in the amount of $400.00 per month is reversed. In all other respects, the judgment is affirmed.
REVERSED IN PART, AFFIRMED IN PART.
REDMANN, C.J., dissents with reasons.

. For purposes of this case, we find it unnecessary to reconcile the texts of Article 160 as amended by Acts 293, Sec. 1 and 580 Sec. 1 of 1982. Suffice it to say that with respect to the issues raised herein use of either text will produce the same result.