GUIDRY, Judge.
This is an appeal by a wife from a judgment of divorce which ordered the father to pay $200.00 per month for the support of an eleven year old boy, but denied appellant permanent alimony because of her ability to work. The only error complained of is the denial of such alimony solely on the basis that the wife failed to prove she was unable to perform gainful employment.
The parties separated due to the fault of the husband after approximately eleven years of marriage. During that time Mrs. LaCaze, now 41 years of age, was employed on a number of occasions as a nurse’s aide and also as a food service operator. Mrs. LaCaze acknowledged that she quit a hospital job where she was earning approximately $460.00 per month in early 1984, but contended this was due to a heart condition which prevented her from heavy lifting. Shortly thereafter, she testified she had to quit working at a fast food establishment because of arthritis in her hands. Although it appears that Mrs. LaCaze may be afflicted to some extent with these conditions, the trial judge found from the medical information presented that neither would prevent her from working.
Be that as it may, the'record reveals that Mrs. LaCaze is not working and has no income at the present time except the $200.00 award for child support and food stamps amounting to approximately $55.00 per month. Although she lives in the family home, her expenses exceed $400.00 per month. The husband’s income, on the other hand, is slightly over $1200.00 per month and he details his expenses (including $150.00 per month for clothing) at some $525.00 per month.
In regard to LSA-C.C.P. art. 160, which sets forth the factors to be considered in determining whether a spouse is entitled to alimony, we said in Cormier v. Cormier, 422 So.2d 719 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 869 (La.1983):
“This article as amended does not require the denial of permanent alimony where the spouse is apparently capable of employment, it only lists earning capacity as a consideration to be made in determining an alimony award....
[A] spouse may have earning capacity but still not have sufficient means for his or her support. Earning capacity is one of many factors that must be considered by the court in determining if alimony is due. Therefore, we conclude that a spouse who is unemployed can be awarded alimony without first being required to seek employment.”
Considering the totality of the circumstances in this case, we are convinced that the complete denial of permanent alimony was an abuse of discretion and that this wife should have been awarded some alimony for her support. We consider an award of $100.00 per month as permanent alimony reasonable under the circumstances.
For the foregoing reasons, the judgment rendered herein by the district court is amended so as to award to the defendant permanent alimony in the sum of $100.00 per month and as so amended it is affirmed. The costs are assessed to appellee.
AFFIRMED AS AMENDED.