DUFRESNE, Judge.
The central issue in this domestic case is whether the defendant established a sufficient change in circumstances to justify a reduction in alimony.
Plaintiff, Rita Radecker and defendant, Norton Radecker were divorced on June 2, 1981. Plaintiff was awarded $300 per month in alimony (LSA-C.C. art. 160).
On June 11, 1982, defendant filed a motion to terminate or, in the alternative, reduction of alimony. The trial court granted the motion and the alimony payments were reduced to $200 for only the month of July 1982.
In December, 1984, the litigants sold their community home, which generated net proceeds of $70,217.96. The parties later divided $50,000.00 between them and maintained a deposit of $20,217.96 (plus accrued interest) to be divided between them after they had concluded financial negotiations as to how the balance would be allocated.
On July 21, 1986, a final accounting was completed and the parties reached a settlement of the remaining community property. Pursuant to the agreement, the remaining funds were divided as follows. Mr. Radecker received $9,017.56 and Mrs. Radecker received $13,526.50.
Shortly thereafter Mr. Radecker filed a rule for the termination of post-divorce alimony, alleging the following changes in circumstances: 1) Mrs. Radecker’s increased income; 2) his decreased income; and 3) Mrs. Radecker’s receipt of $38,-526.50 cash, from the community property settlement. After a hearing, the trial court rendered judgment denying the request to terminate and maintained the post-divorce alimony in the amount originally set. The defendant has appealed asserting the trial court erred in evaluating the evidence and ruling that the defendant failed in his burden of proving changes in circumstances.
In order to prevail on a rule to terminate (or reduce) alimony, the mover must establish a suffient change in the circumstances. Arabie v. Arabie, 447 So.2d 22 (La.App. 1st Cir.1984). In the present case, Mr. Radecker alleges change in his own economic circumstances, as well as contending a change in the economic resources of his former wife which justify a termination of alimony pursuant to Civil Code Article 160. These alleged changes in circumstances are an increase in Mrs. Radecker’s income and her means (assets). Mr. Radecker alleges that Mrs. Radecker’s expense items were improper and the apportioned alimony exceeds the one-third maximum of his income which is prohibited by Civil Code Article 160.
We find merit to Mr. Radecker’s contentions. Considering the alleged increase in Mrs. Radecker’s income and means, this contention focuses upon certain assets received by Mrs. Radecker as part of a community property settlement. These assets primarily consist of the approximate $38,-526.50 in cash from the sale of the parties’ matrimonal dwelling. Mr. Radecker argues that the trial court failed to properly consider these assets in determining Mrs. Radecker’s need for Article 160 alimony.
An award of post divorce alimony is allowed when a former spouse who has not been at fault proves that he or she is in necessitous circumstances, without sufficient means of support, LSA-C.C. art. 160; Arabie, supra. In determining eligibility for alimony, the means and assets of the claimant (ex-spouse) including, but not limited thereto, their liquidity, are factors which shall be considered. LSA-C.C. art. 160, Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
*222 After carefully considering all pertinent factors, we find that Mrs. Radecker has sufficient income and means in which to support herself. We find that she is financially able to provide for her food, shelter, clothing, transportation and medical expenses.
The record discloses that Mrs. Radecker’s gross monthly income at the time of the hearing was $1,400 plus $250 monthly rent paid by her son who lives with her. This does not take into account any interest earned on the savings account of $22,000, that she also had at the time of the hearing.
Although she listed monthly expenses of $2,201.50, some of the listed expenditures represented items other than necessities.
In 1982, when permanent alimony was set, the record reflects that her monthly income was $1,041 and her expenses were listed as $2,252. Thus, although her expenses have remained stable, her income has reflected an increase in excess of $600. Furthermore, as a result of the community property settlement, she has funds invested in savings accounts which are at her disposal.
We are not convinced, after careful review of the record, that Mrs. Radecker has demonstrated that she does not have sufficient means for her support in accordance with Civil Code Article 160.
The trial judge indicated, at the time of his ruling from the bench, that the court accepted the testimony of Mrs. Radecker and rejected the testimony of Mr. Radecker and that he found Mr. Radecker’s income to be substantially the same in 1982 as now. On this point we agree with the court and can understand his rejection of Mr. Radecker’s testimony as to his present income. However, the issue before the court was whether Mrs. Radecker’s income and means have increased enough to warrant a change in the amount of alimony paid by her former husband.
We find that her income has substantially increased and that she presently has sufficient means for her support in accordance with Civil Code Article 160.
Accordingly, we reverse the judgment of the trial court and order that Mr. Radecker is entitled to have his payment of alimony to Mrs. Radecker terminated.
All costs of this appeal are to be paid equally by both parties.
REVERSED AND RENDERED.