516 So.2d 1306 (1987)
Gladys Geraldine McDONALD, Appellant,
v.
William Joe McDONALD, Appellee.
No. 19214-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
Fish, Montgomery & Robinson by John W. Montgomery, Minden, for appellant.
Goff, Caskey, Davis & Fallin by H. Russell Davis, Arcadia, for appellee.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
NORRIS, Judge.
This is an appeal by Gladys Geraldine McDonald from the trial court's refusal to grant her permanent alimony.
Appellant and William Joe McDonald were married in 1979. They separated July 1985; in late September of that year the parties stipulated to a judgment on rule awarding Mrs. McDonald alimony pendente lite in the amount of $250 for the month of *1307 September and $500 per month thereafter. Mr. McDonald had an extremely erratic "payment record"; there were only two months in which he might have paid timely and in full. In March of 1986 Mrs. McDonald received a judgment of separation in her favor and, again by stipulation, the alimony pendente lite was reduced to $300 per month.[1] Mr. McDonald again failed to make regular payments; in October of 1986, he received a judgment of divorce which did not contain an award of alimony. Mrs. McDonald filed the rule for permanent alimony that same month.
After hearing the evidence, the trial judge found that Mr. McDonald was able to pay alimony but that the plaintiff, who lives in Ringgold, was not entitled to receive alimony because she was now earning $300 per month, the amount of alimony pendente lite she had been awarded, and because she had not searched for a better job in Shreveport. We reverse the decision of the trial court and award Mrs. McDonald $200 per month alimony.
We conclude the trial judge gave too much weight to the reduction of Mrs. McDonald's alimony pendente lite and her failure to seek employment in Shreveport. A study of the several rules for past due alimony and contempt shows that while Mr. McDonald was indeed ordered to pay Mrs. McDonald alimony during their separation, it was a rare occasion when he did so. He did not pay the first 2½ months' alimony until he was found in contempt and the alimony made executory. After that judgment he again failed to make regular payments. In March 1986 Mrs. McDonald was awarded a judgment making executory past due alimony for December, January, February and that portion of March then due. At that time Mrs. McDonald, who was not then working, agreed to a reduction of her alimony pendente lite. The evidence shows that the agreed-upon reduction was an attempt by Mrs. McDonald to balance the interests of both parties, and induce Mr. McDonald to make regular alimony pendente lite payments. Shortly thereafter she took the first job she was offered, where she is currently working. Mr. McDonald took no action prior to the divorce to terminate the alimony pendente lite after his wife went to work. In September judgment was rendered against him making past due alimony for May, June, July and August executory. Mr. McDonald received a divorce in October. The trial judge incorrectly considered the stipulated decree awarding Mrs. McDonald $300 per month alimony pendente lite to be a judicial admission of her needs that is binding when setting the permanent alimony. Permanent alimony, awarded under LSA-C.C. Art. 160, does not follow the same guidelines as alimony pendente lite under LSA-C.C. Art. 148. The initial fixing of permanent alimony after divorce is a new award and a new evaluation must be made. Kopera v. Kopera, 474 So.2d 28 (La.App. 4th Cir.1985).
The trial judge also felt that Mrs. McDonald's earning capacity is greater than the salary she is currently receiving, and that she should have searched for work in Shreveport. We recognize that an ex-wife's earning capacity is to be considered in assessing her entitlement to permanent alimony. LSA-C.C. Art. 160; Gray v. Gray, 451 So.2d 579 (La.App.2d Cir.1984), writ denied 457 So.2d 13 (La.1984). However, in this situation Mrs. McDonald is living in a style greatly reduced from that which she enjoyed during the marriage. Her uncontradicted testimony was that she conducted an extensive job search,[2] took the first and only job offered, and has *1308 continued unsuccessfully to look for better employment. She no longer has dependable transportation, and can afford neither to buy a new vehicle nor to move to a more prosperous region. We can only conclude that her current earning capacity is that which she is making, working as many hours as possible. Earning capacity is only one consideration among the many factors that must be considered by the court in setting alimony. LaCaze v. LaCaze, 491 So.2d 792 (La.App.3d Cir.1986). If an unemployed spouse can be awarded alimony without being required to first seek employment, we surely cannot deny alimony to a necessitous ex-spouse who has diligently sought and obtained work, but is still unable to support herself.
Since the record before us is complete, we are able to make the initial award of permanent alimony due Mrs. McDonald. Daigle v. Coastal Marine, Inc., 488 So.2d 679 (La.1986).
Mr. McDonald is working at the same job he had before the separation, sales manager at Seymore Auto Sales in Shreveport, Louisiana. He makes a salary plus commissions but is guaranteed a minimum income of $2000 per month. He testified that he averages around $2,200 to $2,400 gross per month, netting $1,750 to $1,930, and that in 1986 he earned a total of roughly $28,000. Additionally, he is provided with an automobile for his use.
Mr. McDonald has a sixteen-year old son living with him, and also a girlfriend who "helps out" with expenses by contributing approximately $300 to $400 per month. Mr. McDonald has recently begun purchasing a new home, with a $620 monthly note. Because of that, his expenses listed were only approximations. The total sworn to on his affidavit was $1,930 per month, but many items were uncorroborated and questionable. We agree with the trial court that in spite of Mr. McDonald's ineptness with finances, he is in fact capable of paying alimony. As this court has held before, the husband's alimentary obligations toward the wife come before his obligations to his creditors. Shelton v. Shelton, 395 So.2d 899 (La.App.2d Cir.1981). The question is, therefore, whether Mrs. McDonald has sufficient means for support.
Mrs. McDonald, age 42, has a high school education and some education at a business college. She had worked on and off during her married life. She was discharged from the phone company in 1979; then worked at the Easy Pay Furniture Company in Minden; and last worked in February of 1983 or 1984 at the Dollar General Store. She has had numerous operations and her health is questionable. In June of 1986, shortly after agreeing to the reduced alimony pendante lite award, she took the first and only job offered her to date, working part-time (up to 29½ hours per week) at Williams' Video Store in Ringgold for $3.35 per hour. If she works the maximum possible, her gross monthly income is $383.50 with a take home of $323.54. Mrs. McDonald is living at home with her mother, to whom she pays a nominal rent of $100 per month. She testified that she would rather live by herself in an apartment but she could not afford it. The vehicle she drives is 12 years old and is not dependable transportation. Her legitimate permanent alimony expenses as testified to at trial total $587 per month.[3]Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). The expenses shown are certainly reasonable, even minimal.
*1309 Even assuming that she were able to consistently earn the maximum amount available to her at her present place of employment, her net income is more than $250 less than even these most basic expenses listed.
Therefore, based on the LSA-C.C.P. Art. 160 factors for determining permanent alimony, we reverse the trial court's judgment denying permanent alimony and enter judgment in favor of Gladys G. McDonald and against William Joe McDonald awarding to Mrs. McDonald $200 per month permanent alimony. The award of alimony is not so high as to remove any inducement to continue seeking full time and more lucrative employment. If she is able to find better employment, and no longer needs alimony, Mr. McDonald can have the award modified or terminated.
Costs of the appeal are assessed to the appellee.
REVERSED AND RENDERED.
NOTES
[1] Both pendente lite awards ordered Mr. McDonald, in addition to monthly payments, to provide Mrs. McDonald with an adequate vehicle for her transportation.
[2] She registered for work with the Bossier Unemployment Office, the Minden Unemployment Office, hospitals in Minden and Coushatta, various department and furniture stores, Dollar Store in Coushatta, Dixie Dandy in Ringgold, Piggly Wiggly in Minden, and all other grocery stores in Minden.
[3] $100.00
Food 80.00
Household supplies 7.00
Drug bill 30.00
Doctor bills 33.00
Insurance (automobile) 20.00
Clothing 50.00
Laundry & cleaning 22.00
Personal items 33.00
Auto Expense 75.00
Fixed obligations:
 Otasco $20.00
 Highland Clinic 25.00
 Dr. John Hill 20.00
 Fish, Montgomery, Robinson &
 Smith 50.00
 Bank of Ringgold $45.00
 ______
 Total 160.00
 _______
TOTAL $587.00