FRED W. JONES, Jr., Judge.
Plaintiff-in-rule sued his former wife to either terminate or reduce permanent alimony. From a judgment reducing the alimony, the former wife appealed and the plaintiff-in-rule answered, requesting that the alimony be terminated. For the reasons explained hereinafter, we affirm.
Bobby Ray Nowlin and Lilli Ann Stewart Nowlin were divorced in March 1985. Mrs. Nowlin was awarded permanent alimony of $800 per month and child support for two children in the sum of $600 per month. Upon appeal of the judgment as to permanent alimony, we reduced the award to $500 per month. See Nowlin v. Nowlin, 482 So.2d 882 (La.App. 2d Cir.1986).
Nowlin remarried in April 1985. A child was born of this marriage in May 1985 and another was born in late 1986. His former wife quit school and obtained a job in a local bank. Alleging these changes in circumstances, Nowlin filed this rule to terminate or reduce the alimony award to his former wife. The rule was tried in May 1987.
At the hearing on the rule it was established that Nowlin had remarried and that two children were born of this marriage. As a member of the armed services, he had been promoted from Major to Lt. Colonel and anticipated a pay raise of $300 per month. He had also received a cost-of-living increase. Nowlin’s gross salary was $4258.69 and his take-home pay (including his second wife’s $125 per month from reserve duty and his anticipated net raise of $200) was $3800 per month.
In her 1985 affidavit of income and expenses Mrs. Nowlin claimed that she and her two daughters required $1593.93 per month. With child support and alimony her income was $1400 per month. However, after this court reduced the alimony to $500 per month, that income was reduced to $1100 per month. Consequently, Mrs. Nowlin stopped pursuing her college education and took a job as a bank employee at a monthly salary of $610. This made her monthly income $1710 against claimed monthly expenses of $1813.40.
In oral reasons for judgment, stating that he had considered Mrs. Nowlin’s earning capacity, the trial judge reduced the monthly alimony to $225.
Mrs. Nowlin argues that her former husband, earning a gross salary in excess of $4200 per month, is able to pay the $500 per month. On the other hand, Nowlin contends that his former wife is not entitled to any permanent alimony since the amount she now earns as salary is the same amount that had been previously determined to cover her basic needs.
Louisiana law provides alimony for a spouse in need in La.C.C. Art. 160:
“When a spouse ... has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony ...”
“In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means and assets; the financial obligations of the spouses, including their earning capacity; ... the time necessary for the recipient to acquire appropriate education, training or employment; ... and any other circumstances that the court deems relevant.”
“In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.”
“Permanent periodic alimony shall be revoked if it becomes unnecessary ...”
The code article providing permanent periodic alimony also specifies revocation when the alimony is no longer necessary. The spouse who wishes a reduction or termination in his alimony obligation may seek revocation or reduction when a significant change in circumstances proves the recipient now has sufficient means for support or the payor’s ability to pay has changed. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir.1984); Gray v. Gray, 451 So.2d 579 (La.App. 2d Cir.1984), writ denied, 457 So.2d 13 (La.1984); Rains v. *827 Rains, 376 So.2d 1298 (La.App. 2d Cir.1979).
This court stated in Gray, supra;
“An interrelated complex of factors is utilized in determining the adequacy of, or lack of need for a given amount of alimony. These considerations have been broadly drawn and encompass income, means, assets and earning capacity of the spouses, as well as their liabilities and obligations.”
In evaluating whether alimony is needed and therefore legally appropriate, the courts must examine the totality of the circumstances indicative of the parties’ financial condition. Martin, supra; Gray, supra.
In the instant case, there has been a change in the circumstance of the recipient spouse since the initial award of permanent alimony was made by the trial court and lowered by us. The recipient quit college and accepted a clerical position in a bank which allows her to bring home approximately $559.00 per month. However, while her income has risen and she has been able to provide for some of her own necessary expenses, the payor has not shown that she no longer needs any alimony for her necessities.
Nowlin asserts that his circumstances have significantly changed and these changes have affected his ability to provide alimony. He claims the expenses of raising his second family have reduced his ability to provide alimony for his first wife.
Although the expenses of a second marriage should be considered in an action to reduce alimony, the paying spouse’s remarriage alone is not enough to warrant a reduction if the receiving spouse is still in need. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Arabie v. Arabie, 447 So.2d 22 (La.App. 1st Cir.1984).
Since the alimony was set, Nowlin has received a reduction by the first appeal he filed from the original award of $800/month to $500.00/month. The trial court reduced the latter amount to $225.00/month after Mrs. Nowlin became employed.
The question to be resolved is whether or not the recipient of the alimony has sufficient income to provide the basic necessities of life such as food, shelter and clothing as well as other household expenses. Cabaniss v. Courrege, 482 So.2d 655 (La. App. 4th Cir.1985), writ denied, 486 So.2d 737 (La.1986).
Nowlin proved that his former wife has some means of support, but he did not discharge his burden of proving she has sufficient means for her support. This court in McDonald v. McDonald, 516 So.2d 1306 (La.App.2d Cir.1987) refused to deny alimony to a necessitous ex-spouse who diligently sought and obtained work, but was still unable to support herself.
It is within the discretion of the trial judge to allow and fix the amount of alimony. La.C.C. Art. 160. The jurisprudence holds that the discretion granted by this code article means sound discretion, to be exercised by the trial judge, not arbitrarily or willfully, but with regard to what is just and proper under the facts of the case. Loyacano, supra. The alimony award may not be overturned or modified by an appellate court absent a clear abuse of discretion. Arabie, supra.
For the reasons stated, we do not find that the trial court abused its discretion in reducing the permanent alimony from $500 to $225 per month. Therefore, the judgment of the district court is AFFIRMED. Cost of appeal is assessed equally to the parties.