522 So.2d 699 (1988)
Bernard H. MABRY, Jr.
v.
Evangeline F. MABRY.
No. 87-CA-573.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
*700 Nass, Wiebelt & Nass, Theodore W. Nass, New Orleans, for plaintiff/appellant.
Blache & Perkins, Thomas P. Perkins, Jr., Baton Rouge, for defendant/appellee.
CHEHARDY, C.J., and KLIEBERT and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from denial of a claim for alimony by a divorced husband. We affirm.
Bernard H. Mabry, Jr. and Evangeline F. Mabry were divorced by a default judgment in favor of the husband on July 22, 1982. A child was born to the wife on March 29, 1983. On April 28, 1986 Mr. Mabry filed a motion for contempt for failure to allow visitation, for reduction of child support, for attorney's fees, and for alimony.
After a hearing the court rendered judgment on March 24, 1987 setting visitation, dismissing the motion for contempt and terminating child support. Although the judge had ruled from the bench that he would deny alimony the written judgment is silent as to the claim. Accordingly, the claim for alimony is deemed denied. Serrate v. Serrate, 472 So.2d 137 (La.App. 5th Cir.1985); Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1st Cir.1984). Mr. Mabry applied timely for a devolutive appeal limited solely to the issue of alimony.[1]
Although Mr. Mabry raises six issues, in summary he asks this court to decide whether he is entitled to an award of permanent alimony under LSA-C.C. art. 160.[2]
*701 In denying alimony to Mr. Mabry, the trial judge explained:
... [T]he Court finds that the expenses of Mrs. Adams far exceeds her income. Also, the Court is convinced that Mr. Mabry can seek and obtain gainful employment. At his age, a rather young age of thirty-five, and being healthy with no illnesses, the Court is convinced that he is fairly capable of seeking and obtaining gainful employment.
We note that whether or not Mr. Mabry was free from fault is not an issue before this court, although it was raised by the defendant at trial of the rules.
The appellant asserts that he has met the requirements for alimony under article 160, as he was not at fault and he has insufficient means for his support. He complains that the trial judge failed to consider factors other than his employability and that he erroneously found Mrs. Mabry financially unable to pay alimony.
The law is stated succinctly in Loyacano v. Loyacano, 358 So.2d 304 (La.1978), vacated on other grounds 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766, at 311:
Under the provisions of Article 160 of the Civil Code, it is within the discretion of the trial judge to allow and fix the amount of alimony. The discretion granted by the code article means sound discretion, to be exercised by the trial judge, not arbitrarily or wilfully, but with regard to what is just and proper under the facts of the case. Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948); Jones v. Jones, 200 La. 911, 9 So.2d 227 (1942); Abbott v. Abbott, 199 La. 65, 5 So.2d 504 (1941).
However, the court in Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980) pointed out that the person claiming permanent alimony has the burden of proving necessitous circumstances, and unless and until he does so the ability of the other spouse to pay alimony is irrelevant.
Both parties were questioned as to their expense sheets, but neither submitted income tax returns or supporting documents for income and expenses.
Mr. Mabry's testimony was vague and seemed evasive. He was not convincing as to his necessitous circumstances, except to establish that his employment as director of the biomedical engineering department of a hospital was terminated in April, 1986 and his unemployment benefits were exhausted in February, 1987. He stated that he was living on "loans from friends and family income" but yet was paying monthly rent on an apartment, utilities, telephone, and car expenses. He had not filed an income tax return for 1986. He testified that he adopted a child in 1985, was the child's sole support and was rearing him, but yet he testified earlier that he was living alone. His testimony as to past working experience was equally sketchy. He had done a renovation job and had operated a security company with his ex-wife. He claimed to have made application for numerous medical or technical positions but named only one prospective employer, who had interviewed him on the morning of trial. Upon being questioned by the court he testified that he was thirty-five, in good health, had two years of college and a first class engineer's license. He was currently taking a course in real estate appraising and held a real estate license.
The trial judge has much discretion in alimony matters, particularly in evaluating the evidence, which is to be resolved mainly on the basis of the credibility of witnesses. Accordingly, his findings of fact are to be accorded very substantial weight on review and his decision may be disturbed only on a clear showing of abuse of his discretion. Graff v. Graff, 407 So.2d *702 70 (La.App. 4th Cir.1981) and cases cited therein. Although the transcript contained only the self-serving testimony of both parties, we find no abuse of discretion in his evaluation and conclusions.
For the reasons assigned above, judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] An amended judgment, signed June 9, 1987, nunc pro tunc, added to the judgment: "IT IS FURTHER ORDERED AND DECREED that the motion to set alimony filed by Bernard H. Mabry, Jr. is denied." That judgment is null, because the amendment altered the substance of the March 24, 1987 judgment, and it was signed after the delay for new trial had elapsed. Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 236 So.2d 536 (La.App. 4th Cir.1970), writ denied, 256 La. 866, 239 So.2d 363 (La.1970).
[2] Article 160 reads as follows, in pertinent part:

A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.