CARTER, Judge.
This matter is before the court on a motion to dismiss, as untimely, the appeal of a joint custody judgment.
*812 FACTS
The Milligans were divorced in 1988. Mrs. Milligan sought sole custody of their minor child, and Mr. Milligan requested joint custody. After a hearing, the court awarded the Milligans joint custody and designated Mrs. Milligan as the domiciliary parent. Both parties appealed the judgment. Mrs. Milligan moved to dismiss Mr. Milligan’s appeal on the ground it was untimely taken.
The dates pertinent to the timeliness of Mr. Milligan’s appeal are as follows:
February 1, 1989 — The hearing was held, and the trial court rendered judgment.
March 8, 1989 — The written judgment was signed.
March 9, 1989 — The seven-day new trial delay commenced. LSA-C.C.P. art. 1974.
March 17, 1989 — The new trial delay expired.
March 18, 1989 — The thirty-day devolutive appeal delay commenced. LSA-C.C.P. arts. 3943, 3942, 2087.
April 12, 1989 — Mrs. Milligan filed her motion and order for a devolutive appeal.
April 17, 1989 — The last day of the thirty-day appeal delay fell on Sunday, April 16, 1989. Therefore, the delay was extended until April 17. LSA-C.C.P. art. 5059.
April 24, 1989 — Mr. Milligan filed his motion and order for a devolutive appeal, and the tenth day after the mailing of notice of Mrs. Milligan’s appeal.
August 2, 1989 — Return date.
August 4, 1989 — The record was lodged in this court.
The two issues presented are:
(1) Whether Mr. Milligan’s appeal was timely filed pursuant to LSA-C.C.P. arts. 3943 and 3942; and,
(2) Should appellee’s appeal be considered as an answer?
TIMELINESS OF APPEAL
Mr. Milligan contends that his appeal is timely under LSA-C.C.P. art. 2087(B) because he took his appeal within ten days of the mailing of notice of Mrs. Milligan’s appeal.
Mrs. Milligan contends that LSA-C.C.P. art. 3942 does not specifically refer to section (B) of article 2087, but only to subsections (1)-(3). She contends that an appellee who wishes to appeal a custody decree must file his appeal within the same time limits (thirty days) as the original appellant. We disagree.
LSA-C.C.P. art. 2087(B) provides as follows:
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
Appeals from custody and alimony judgments are governed by LSA-C.C.P. art. 3943 which provides as follows:
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far [sic] as the judgment relates to custody or alimony.
LSA-C.C.P. art. 3942 states, in pertinent part:
A. An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-(3).
As originally enacted, LSA-C.C.P. art. 2087 contained only that portion which is now designated as section (A), subsections (1)-(3). The article was amended in 1962 to add section (B). Acts 1962, No. 92, § 1. Although we recognize that the comments to the 1962 amendment state section (B) was added primarily to overcome the difficulty presented in cases involving three or more parties, we find that section (B), as written, clearly gives an appellee ten days from the mailing by the clerk of court of *813 the notice of the first devolutive appeal to take his own appeal.
LSA-C.C.P. art. 3943 provides that an appeal from a custody decree can only be taken within the time delays specified in LSA-C.C.P. art. 3942. Article 3942 provides the appeal must be taken within the delays provided by LSA-C.C.P. art. 2087(l)-(3). We specifically note that under LSA-C.C.P. arts. 2087, 3942, and 3943, a party has the right to file his own devolu-tive appeal within ten days from the mailing by the clerk of the notice of the first appeal in the case or he may file an answer to the appeal stating the relief demanded not later than fifteen days after the return date or lodging of the record, whichever is later. LSA-C.C.P. art. 2133.
Further, it is hornbook law that appeals are favored in the law and that Code of Civil Procedure articles are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. LSA-C.C.P. art. 5051; Overmier v. Traylor, 475 So.2d 1094 (La.1985); Traigle v. Gulf Coast Aluminum Corporation, 399 So.2d 183 (La.1981). See Petroleum Treaters, Inc. v. Houma Land & Offshore Company, 545 So.2d 1300 (La.App. 1st Cir.1989).
Therefore, we find that although LSA-C. C.P. art. 3942 does not specifically refer to section (B) of article 2087, reading the articles in pari materia, Mr. Milligan’s appeal was timely, and Mr. Milligan’s right to appeal is maintained.
Since we resolved that the appeal was timely filed pursuant to LSA-C.C.P. arts. 2087, 3942 and 3943, we do not consider whether the appeal should be considered as an answer.
CONCLUSION
For the above reasons, the motion to dismiss Mr. Milligan’s appeal is denied. Mrs. Milligan is cast for costs.
MOTION TO DISMISS DENIED.