CANNELLA, Judge.
Plaintiff, Morrison J. Narcisse, appeals from a judgment of divorce in which he was ordered to pay permanent alimony to defendant, Ella Every Narcisse, in the amount of $500 per month. For the reasons which follow, we affirm.
Plaintiff and defendant physically separated in August of 1986, after approximately 25 years of marriage. A petition for separation was filed. Defendant was awarded alimony pendente lite in the amount of $200 per month for three months by consent decree. She had a right to seek an extension but none was ever requested. Defendant, residing in the mortgage-free family home, lived on her annual income of approximately $23,000 per year. The annual income of plaintiff was approximately $52,000. On April 30, 1990 plaintiff filed a Petition For Divorce alleging that the parties had lived separate and apart for more than one year. On June 6, 1990 defendant filed an Answer And Reconventional Demand, seeking permanent alimony and a divorce based on adultery.
After trial, on April 27, 1992, the trial court granted the divorce based on the parties living separate and apart for over one year. The trial court also found defendant free from fault and awarded her permanent alimony in the amount of $500 per month. The judgment was rendered in open court on April 27, 1992 and read and signed in chambers on May 22, 1992.
Plaintiff appeals, arguing that the trial court erred in finding defendant free from fault in the break-up of the marriage. Plaintiff contends that the trial court ig *681 nored the evidence of defendant’s fault which he presented. He contends that she absented herself from the family home at times, on occasions she did not have meals prepared for him and they argued about it and she spent a great deal of time playing bingo with her sisters.
Defendant contends that there was no evidence that she did anything out of the ordinary and that it was plaintiff who caused the break-up of the marriage by seeing another woman, eventually leaving home and moving in with her.
It is well settled that the trial court’s finding of fault is a factual matter and will not be reversed on appeal absent a showing of manifest error. Vincent v. Vincent, 544 So.2d 544 (La.App. 5th Cir.1989). No such showing has been made here.
Contrary to plaintiff’s assertions that the trial court did not consider evidence of defendant’s fault, the oral reasons for judgment show that it was considered and rejected as not being proven. The trial court specifically addressed plaintiff’s contentions and held that he did not believe that defendant’s actions were the cause of the marital break-up, but rather they were a result of plaintiff’s staying out until 3:00 a.m. without explanation. The court specifically found that the separation was caused by plaintiff’s fault. We find no error in this ruling and affirm the finding that defendant was free from fault.
Plaintiff next argues that the trial court erred in awarding defendant $500 per month in permanent alimony. Plaintiff contends that defendant is gainfully employed and fully capable of supporting herself. Plaintiff argues that a spouse is only due alimony if in necessitous circumstances and defendant has sufficient means for her support without alimony from him. He supports this argument with the fact that defendant has not requested alimony in the six years that they have been separated.
Defendant contends that she is not capable of supporting herself without the alimony. She points out that her residence is in dire need of repairs and she has not been able to afford the cost. Furthermore, she explained that she has only been able to sustain herself by making loans, which she is now required to repay. She introduced a monthly expense affidavit that far exceeded her monthly income.
The trial court’s findings of fact in support of alimony awards are to be afforded substantial weight on appeal. Mabry v. Mabry, 522 So.2d 699 (La.App. 5th Cir.1988). Here, the trial court’s oral reasons for judgment show that the court considered the contentions of both parties. He did not accept defendant’s expense sheet as totally accurate. He recognized that certain items were inflated and inappropriate. On the other hand, he also recognized specific legitimate needs of defendant that she could not meet on her income alone. Specifically, he noted that the family home in which defendant resided was in serious need of repair, costing about $100 per month. He also found that there were numerous ordinary and legitimate expenses like insurance, retirement contributions, doctor bills, food, utilities, automobile expenses, etc. that all had to be met. Based on a consideration of all these factors, the trial court determined that defendant should be awarded alimony in the amount of $500 per month. We find that the record supports this award.
Accordingly, for the reasons stated above, we affirm the judgment of the trial court granting a divorce, finding defendant free of fault and awarding permanent alimony of $500 per month.
AFFIRMED.