668 So.2d 1269 (1996)
Carroll J. THIBODEAUX, Sr.
v.
Wanda Tregre THIBODEAUX.
Nos. 95-CA-671, 95-CA-672.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 1996.
*1270 Phyllis M. Williams, Laplace, for Defendant/Appellant/Appellee.
G. Patrick Hand, Jr., Gretna, for Plaintiff/Appellee/Appellant.
Before GOTHARD and CANNELLA, JJ., and REMY CHIASSON, J. Pro Tem.
GOTHARD, Judge.
This is an appeal of a judgment rendered in a divorce action which granted the defendant wife permanent alimony. For the following reasons, we affirm in part, reverse in part, and amend in part.

STATEMENT OF FACTS
Carroll J. Thibodeaux and Wanda Tregre Thibodeaux were married on April 15, 1989. *1271 The parties established their matrimonial domicile in St. Charles Parish, Louisiana. On April 17, 1994, the parties separated. Subsequently, on May 19, 1994, Mr. Thibodeaux sued Mrs. Thibodeaux for divorce. Mrs. Thibodeaux filed an answer and reconventional demand in which she alleged she was free from fault in the dissolution of the marriage and that Mr. Thibodeaux was guilty of mental and physical cruelty towards her.
On March 6, 1995, the trial court held a hearing on the petition for divorce and on the issue of permanent alimony. Mrs. Thibodeaux testified that she loved her husband and wanted the marriage to work. She further testified that as time went on, Mr. Thibodeaux began to act abusively towards her. According to Mrs. Thibodeaux, this behavior culminated in Mr. Thibodeaux slapping her in the face on April 17, 1994.
Mr. Thibodeaux was arrested and charged with simple battery for the April 17, 1994 incident. Eventually, however, he was acquitted of the charge. At the divorce hearing, Mr. Thibodeaux testified that he had never hit his wife. Mr. Thibodeaux further testified that he initially loved his wife but at some point he fell out of love with her. Mr. Thibodeaux cited frequent arguments regarding household chores and bills, in particular the phone bill, as a source of his dissatisfaction with his wife.
On the issue of alimony, Mrs. Thibodeaux submitted an affidavit showing she had a monthly net income of $724.31 and monthly expenditures of $1,365.23. Mr. Thibodeaux, on the other hand, testified that he earns approximately $55,000 a year and that he has savings of approximately $150,000.
On May 17, 1995, the trial court rendered judgment, decreeing that the parties were divorced. The court further ruled that Mrs. Thibodeaux was free from fault in the break-up of the marriage and was without sufficient means for her support. Thus, the court granted Mrs. Thibodeaux $200 per month in alimony for 24 months retroactive to the time of the filing of the petition for divorce. From this judgment, both parties have appealed.

ISSUES
By various assignments of error, the parties have raised the following issues for our review: (1) whether Mr. Thibodeaux's appeal was timely filed; (2) whether Mrs. Thibodeaux is entitled to alimony and, if so, whether $200 a month is a sufficient amount; and (3) whether the trial court erred in ruling that Mrs. Thibodeaux could receive alimony for only twenty-four months.

ANALYSIS
As stated previously, judgment in this case was rendered on May 17, 1995. Mr. Thibodeaux filed his motion for appeal on July 24, 1995, some 68 days after the judgment was signed. La.C.C.P. art. 3942 provides that an appeal from a judgment granting a divorce must be taken within thirty days of the expiration of the time for post-trial motions. La. C.C.P. art 3943 provides that an appeal from a judgment granting support may only be taken within the delay granted by article 3942. Based on the foregoing articles, Mrs. Thibodeaux argues that her husband's appeal is not timely because it was not filed within the requisite thirty day period.
In Milligan v. Milligan, 552 So.2d 811 (La.App. 1st Cir.1989), the First Circuit addressed the same issue which is now facing us. In Milligan, the court reasoned that articles 3942 and 3943 must be read in pari materia with article 2087, which provides that a devolutive appeal is timely when it is filed within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case. See La.C.C.P. art. 2087(B). Thus, the court concluded that the husband's appeal was timely because it was filed within ten days of the mailing of the notice of the wife's devolutive appeal. Milligan, supra, at 813.
We agree with the Milligan court's analysis. In the instant case, notice of Mrs. Thibodeaux's appeal was mailed to Mr. Thibodeaux on July 20, 1995, and he filed his motion for appeal four days later, on July 24, 1995. Therefore, we conclude that Mr. Thibodeaux's appeal was timely filed pursuant to La.C.C.P. art. 2087(B).
Next, we address the issue of whether Mrs. Thibodeaux is entitled to alimony. La. *1272 C.C. art. 112 provides for alimony for a spouse who is without fault in the dissolution of the marriage and has insufficient means of support. The trial court found that Mrs. Thibodeaux was not at fault in the break-up of the marriage and did not have sufficient means for her support. Mr. Thibodeaux asserts that the court erred in both of these determinations.
We have previously noted that a trial court's finding of fault is a factual determination and thus is subject to the manifest error standard of review. Vincent v. Vincent, 544 So.2d 544, 546 (La.App. 5th Cir. 1989); see Rosell v. ESCO, 549 So.2d 840 (La.1989). Louisiana jurisprudence establishes that only "misconduct of a serious nature, providing an independent contributory or proximate cause of the break-up, equates to legal fault." Billingsley v. Billingsley, 618 So.2d 562, 564 (La.App.2d Cir.1993); Adams v. Adams, 389 So.2d 381 (La.1980). Thus, a spouse who petitions for alimony "need not be totally blameless in the marital discord." Id.
In the instant case, Mr. Thibodeaux's chief allegation of fault on the part of Mrs. Thibodeaux is that she falsely accused him of slapping her, thereby causing his arrest. Mr. Thibodeaux asserts that his wife's allegation was false on the basis that he was acquitted on the battery charge stemming from the incident. However, the fact that Mr. Thibodeaux was acquitted does not mean that he did not slap his wife; it merely means that the state did not prove beyond a reasonable doubt that he did so. There were no eyewitnesses to the incident. Mr. Thibodeaux's son testified that he did not see his father hit Mrs. Thibodeaux, who was his step-mother. However, the son further testified that he was not in the room at the time of the alleged altercation. Thus, the trial court was left with the testimony of Mrs. Thibodeaux, who stated that her husband did slap her, and that of Mr. Thibodeaux, who stated that he did not hit his wife. Having reviewed the record, we cannot say that the trial court was clearly wrong in finding Mrs. Thibodeaux's version of events to be credible. Instead, we conclude, as did the trial court, that the fault for the break-up of the marriage lies with Mr. Thibodeaux, who testified that he fell out of love with his wife and that he informed her of this fact. Based on the foregoing, we hold that the trial court did not err in finding that Mrs. Thibodeaux was without fault in the dissolution of the marriage.
Furthermore, we conclude that the trial court did not err in finding Mrs. Thibodeaux to be in necessitous circumstances. Mr. Thibodeaux points us to Mabry v. Mabry, 522 So.2d 699 (La.App. 5th Cir.1988), a case in which we concluded that a divorced husband had not carried his burden of proving he was in need of alimony. We based our holding in Mabry on the fact that the husband's testimony was vague and he had not adequately documented his monthly expenses. Id. at 701.
We find Mabry to be inapposite to the facts presented here. In the instant case, Mrs. Thibodeaux submitted copies of her paycheck, an interest check she receives from a certificate of deposit, and an affidavit detailing her monthly expenses. This documentary evidence clearly shows that Mrs. Thibodeaux's monthly expenses are greater than her income. Further, Mrs. Thibodeaux testified that she used the $23,000 she received from her husband in a property settlement to purchase a mobile home. Mrs. Thibodeaux stated that she used any remaining money from the settlement to pay her monthly expenses. Thus, it is apparent that Mrs. Thibodeaux has spent most, if not all, of the money she received in the settlement. Based on the foregoing, we conclude that Mrs. Thibodeaux has carried her burden of showing she is in necessitous circumstances. Accordingly, we hold that the trial court did not err in finding Mrs. Thibodeaux to be entitled to alimony.
Mrs. Thibodeaux, however, contends that the $200 a month in alimony awarded by the trial court is an insufficient amount. In Mabry, we recognized that a trial court has much discretion in alimony matters; thus, the standard of review for alimony determinations is one of abuse of discretion. Id. In determining the amount of alimony, La.C.C. art. 112 states that a court shall consider:

*1273 (a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
Here, as stated previously, Mrs. Thibodeaux's monthly income is $724.31. Mr. Thibodeaux, on the other hand, earns roughly $4,500 a month. Thus, Mr. Thibodeaux clearly has greater means than his wife. Further, it appears Mrs. Thibodeaux is not likely to obtain a higher paying job in the near future. She has attended several schools and has changed jobs several times but still earns only a fraction of the income earned by Mr. Thibodeaux.
In making an alimony determination, a court considers the expenses required to procure the basic necessities of life, such as food, shelter and clothing. Also included in the determination are reasonable and necessary automobile expenses, medical and drug expenses, utilities, and household expenses. Jordan v. Jordan, 432 So.2d 314, 318 (La. App. 5th Cir.), writ denied, 438 So.2d 1111 (La.1983); Hilton v. Hilton, 451 So.2d 90 (La.App. 3d Cir.1984). Mrs. Thibodeaux lists her monthly expenses as follows: $65 housing; $200 food, $100 clothing; $120 transportation; $15 medical and dental; $210 utilities; $35 laundry and cleaning; $40 personal and grooming necessities; $75 lunch and entertainment; $120.95 insurance; $264.28 car note; $45 Visa; and $75 counseling. Mrs. Thibodeaux claims a monthly deficit of $640.92. From reviewing her affidavit, it is clear that Mrs. Thibodeaux's expenses are, for the most part, essential.
After considering the factors enumerated in article 112, we conclude that the trial court's award of $200 a month constituted an abuse of discretion. Mrs. Thibodeaux is working full time but earns nowhere near as much as Mr. Thibodeaux. As stated earlier, with Mrs. Thibodeaux's educational background and work experience it does not seem that her income is likely to increase significantly in the near future. Additionally, her monthly expenses are legitimate and cover basic necessities or expenses deemed reasonable by the courts. Accordingly, we will increase Mrs. Thibodeaux's monthly award. Taking into account that Mrs. Thibodeaux testified that some of the expenses listed will fluctuate and that there may be some duplication of expenses, we will set her award at $500 per month.
Finally, Mrs. Thibodeaux contends that the trial court erred in ordering her alimony payments to terminate after twenty-four months. La.C.C. art. 112 provides for both permanent periodic alimony and lump sum alimony. However, a lump sum award is permissible only when the parties consent thereto. See La.C.C. art. 112(B). Here, the parties have not consented to a lump sum award. Therefore, the trial court's judgment must have granted Mrs. Thibodeaux permanent periodic alimony.
In Hegre v. Hegre, 483 So.2d 920, 924 (La.1986), the Louisiana Supreme Court reversed a decision which had granted a divorced wife alimony for a period of one year. The Court concluded that La.C.C. art. 112 does not allow for permanent periodic alimony to be cut off at an arbitrary date. Instead, such alimony may only be terminated if it becomes unnecessary or if the spouse to whom it is awarded remarries or enters into open concubinage. See La.C.C. art. 112(A)(4). Based on the foregoing, we reverse the trial court's judgment insofar as it limits the alimony payments to Mrs. Thibodeaux to twenty-four months. If Mrs. Thibodeaux's circumstances change, Mr. Thibodeaux can come into court at that time and seek to have the alimony payments modified or terminated.
In summary, the judgment appealed from is affirmed in part, reversed in part, and amended in part. Mrs. Thibodeaux is hereby *1274 granted permanent periodic alimony in the amount of $500 per month.
AFFIRMED IN PART, REVERSED IN PART, AND AMENDED IN PART.