726 So.2d 1023 (1999)
Kenneth Wayne FALTERMAN, M.D.
v.
Rita Lopez Falterman, wife of Kenneth Wayne FALTERMAN, M.D.
No. 98-CA-158
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1999.
*1024 Robert C. Lowe, Terence L. Hauver, Suzette Marie Smith, New Orleans, Louisiana, Attorney For Appellant Kenneth W. Falterman, M.D.
Pat M. Franz, Metairie, Louisiana, Attorney For Appellee Rita Lopez Falterman.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and JAMES L. CANNELLA.
CANNELLA, Judge.
Plaintiff, Kenneth Wayne Falterman (Dr. Falterman), appeals from a judgment rendered in favor of defendant, his ex-wife, Rita Lopez Falterman (Ms. Falterman), granting her alimony in the amount of $3000 per month. For the reasons which follow, we affirm.
Ms. Falterman graduated from nursing school in 1967 and married Dr. Falterman on June 22, 1968. During the early years of the marriage Ms. Falterman worked as a registered nurse, helping to support the family, while her husband obtained a medical degree. Dr. Falterman is currently a practicing pediatric surgeon. Two children were born during the marriage. The parties physically separated on May 5, 1992 and were divorced by judgment dated September 27, 1994. Ms. Falterman did not work as a nurse for at least twenty-two years prior to the break-up of the marriage.
Dr. Falterman paid monthly alimony pendante lite of $5,700 to Ms. Falterman through December of 1994. Then, pursuant to a contractual agreement, he paid her $2,250 per month until August 8, 1995. On August 25, 1995, Ms. Falterman filed a motion to set a hearing on her request for post divorce alimony.[1] The community property partition was signed on October 18, 1995. Trial on the post divorce alimony request was conducted over several days and judgment was ultimately *1025 rendered on July 2, 1997, awarding Ms. Falterman post divorce alimony in the amount of $3,000 per month until May 1, 1999 or until she completes college, whichever occurs first. It is from this judgment that Dr. Falterman appeals.
On appeal, Dr. Falterman assigns two errors which he addresses in brief in one argument. He argues that the trial court erred in finding that Ms. Falterman had insufficient means to support herself and in awarding Ms. Falterman $3,000 per month post divorce alimony until May 1999.[2]
On the question of the sufficiency of Ms. Falterman's means to support herself, Dr. Falterman points out that, following the community property partition Ms. Falterman received assets totaling about $366,000. He notes that she also has an interest in his retirement plan, valued at about $185,000. Therefore, Dr. Falterman argues that the trial court erred in finding that Ms. Falterman had insufficient means for her support. Dr. Falterman recognizes that Ms. Falterman put forward proof that she has largely depleted the assets she received in the community property settlement. However, he argues that her depletion of her assets should not inure to his detriment. He contends that the things on which she spent her money, like housing for herself, tuition and expenses for their major children, are not items for which he would be responsible through post divorce alimony. Further, he notes that Ms. Falterman still has the $185,000 interest in the pension fund.
He also argues that the $3,000 per month awarded was too high because Ms. Falterman did not adequately prove her expenses, lumping several bills together. Dr. Falterman presented evidence supporting his argument that Ms. Falterman was not required to go back to school in a four year program to get her B.S.N., but could have instead taken a refresher course in less than six months.
In response, Ms. Falterman points out that the law does not require that a spouse totally deplete all of her assets before she is entitled to alimony. Therefore, the trial court did not err in finding that her means were insufficient despite the fact that she has pension rights valued at $185,000. Further, she contends that the liquid assets awarded to her in the community property settlement were spent on her personal living expenses and on the expenses and tuition of the children of the marriage. Alimony was not awarded prior to June of 1996, when she had liquid assets remaining for her support. However, she is now in the third year of her college nursing program. She has one year remaining to complete the program, thereby acquiring sufficient skills to earn more income for herself and her children, and reduce her needs. She contends that the evidence clearly supports the trial court finding that she does not, at this time, have sufficient means available while she is in school.
Further, she presented testimony that the refresher course, referred to by Dr. Falterman, would not provide her with any clinical experience, which is what she needs, having been out of work for over 20 years. Further, the field of nursing is changing and it is becoming increasingly difficult to obtain advancement or supervisory positions, without a B.S.N. degree. Finally, she acknowledges some lack of clarity in her proof of her expenses. However, she points out that she submitted proof of expenses totaling $6,500 per month and was only awarded $3,000 per month. She argues that the evidence submitted, while not clear on some points, adequately supported the $3,000 per month awarded by the trial court. Accordingly, Ms. Falterman contends that there was no error in the trial court judgment finding that she was entitled to alimony in the amount of $3,000 per month until May of 1999, or until she graduates from college, whichever comes first.
A trial court is vested with great discretion in making alimony determinations, and its rulings should not be disturbed unless the appellate court finds an abuse of sound discretion. Middleton v. Middleton 535 So.2d 466 (La.App. 5th Cir.1988). A trial *1026 court's discretion in granting alimony may be disturbed when there has been a clear abuse of this discretion or manifest error in the factual determinations. Hogan v. Hogan 549 So.2d 267 (La.1989); Mabry v. Mabry, 522 So.2d 699 (La.App. 5th Cir.1988). After reviewing the record, briefs and applicable law in this case, we find no such abuse of discretion or manifest error by the trial court in its judgment.
Under La. C.C. art. 112, the trial court may award alimony out of the property and earnings of the other spouse, which shall not exceed one-third of his or her income, if it is determined that the spouse is not at fault and has not sufficient means for support. La. C.C. art. 112 goes on to provide factors which the trial court must consider in determining entitlement to alimony, like the income, means and assets of the spouses, the liquidity of such assets, the financial obligations of the spouses, including their respective earning capacities, the time necessary for the recipient to acquire appropriate education, training, or employment, the health and age of the parties and their obligations to support or care for dependent children and any other relevant circumstances. La. C.C. art. 112.
As fleshed out by the jurisprudence, the purpose of post divorce alimony is to provide a spouse in need with sufficient means for support, including expenses for food, clothing, shelter, transportation, medical attention, medicine, utilities, household expenses and income tax liability generated by the alimony payments. Frederic v. Frederic, 302 So.2d 903 (La.1974); Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writs denied, 438 So.2d 1111 (La.1983). Alimony after divorce is not intended to maintain the spouse in the style to which she was accustomed during the marriage. January v. January, 649 So.2d 1133 (La.App. 3rd Cir.1995).
Although a spouse claiming alimony is not required to sell her non-liquid assets to support herself, she is required to deplete her liquid assets to some extent before she may be entitled to alimony after divorce. Richardson v. Richardson, 540 So.2d 1254(La. App. 3rd Cir.1989). In determining to what extent any depletion of assets is required of a spouse claiming post divorce alimony, the court must apply a rule of reasonableness in light of all factors to be taken into consideration. Gardner v. Gardner, 97-0749 (La.App. 1st Cir. 4/8/98), 710 So.2d 1153. The type of asset under consideration and the consequences of its liquidation is also to be considered by the court. Vial v. Vial, 422 So.2d 523 (La.App. 5th Cir.1982). Training and education for a reasonable period of time directed toward improving earning capacity is a proper consideration in evaluating earning capacity. Ware v. Ware, 461 So.2d 467 (La.App. 5th Cir.1984). A spouse does not have to take employment of any nature immediately following divorce. Difficulty in finding employment suitable for the spouse's age, training and ability is also a proper consideration. Fountain v. Fountain, 644 So.2d 733 (La.App. 1st Cir.1994).
The trial court, in thorough reasons for judgment, made the following findings:
The Falterman's were married for more than 25 years when they were divorced. They had children together one of which lives with his mother at this time while attending college. She helps support their child and in fact, used a goodly sum of the money she received in the partition of community property to support him and another male child during a time she was receiving no support from her ex-husband. Both children are now majors. She also used land she obtained in the partition to build a new home upon which she currently occupies and which is mortgaged.
The ex-husband is a surgeon earning a considerable income. He has remarried and has another child of this marriage. His life style has not diminished following his divorce. He can afford to pay post divorce alimony to his ex-wife.
The ex-wife is almost 50 years of age. She is a Registered (diploma) Nurse who has a current license. The license is of little use to her in finding a job as a nurse at this time due to the lack of opportunity in the job market and due to her being out of the business of nursing for over 20 years. This lack of clinical experience is *1027 the primary reason she cannot find employment as a registered nurse. She, at the time of her marriage, was a working nurse and helped support herself and her ex-husband for some years while he studied to become a physician. The evidence supports her contention that following his success as a surgeon she did not and was not expected to work outside the home. She received a considerable settlement in the partition case; however, she supported herself and their children and used the liquid portion of that settlement to subsist. Her liquid assets are limited at this time. She has money in retirement programs Dr. Falterman generated during their 25 year marriage which she should not have to cash in to support herself. Mrs. Falterman submitted an expense form listing expenses at $6,650.00 per month. The Court considers this excessive and has reduced it to $3,000.00 per month. Mrs. Falterman is studying nursing at Holy Cross College and expects to receive a B.S.N. in May of 1999. She should be assisted by her ex-husband to secure this degree as it will provide her with an opportunity to support herself.
As Rita May Falterman had sufficient means to support herself following the partition of community property no award of post divorce alimony will be allowed from that date through the time it was set on June 19, 1996.
After reviewing the record under the applicable legal principles, we find no error or abuse of discretion in the trial court's well reasoned judgment, that Ms. Falterman has insufficient means, at this time in her life, and is, therefore, entitled to $3,000 per month post divorce alimony. The record supports the trial court's finding that Ms. Falterman has, at this time, dissipated the majority of her liquid assets in support of herself and the children of the marriage, while she was attending school. Although her children were not minors at the time, we do not find expenditures by a mother on her children for tuition and living expenses to be an extravagant waste of her liquid assets such that she should be denied alimony.
Ms. Falterman is currently enrolled at Holy Cross College, maintaining an average of 3.493. She is attempting to improve her educational stead to secure employment in the field in which she held employment prior to and during the beginning stages of the marriage. She was employed as a nurse in the beginning of the marriage, when she helped support the family while her now exhusband obtained a medical degree. All the experts agreed that Ms. Falterman would have great difficulty in finding employment in that field again because of her lack of clinical experience for the past 20 years. The testimony supported Ms. Falterman's argument that the refresher course, referred to by Dr. Falterman, would not give her the clinical experience she needed to obtain employment in the nursing field. Rather than take a position in a lower paying field, Ms. Falterman elected to go back to school to update her registered nursing degree with a Bachelors degree in nursing, which would enable her to again work in her previous field. She still retains some assets, consisting mainly of an interest in Dr. Falterman's pension plan, but is not required to deplete all of her assets before seeking alimony. The evidence Ms. Falterman submitted in the way of expenses documented monthly expenses of $6,500. The trial court found this excessive and awarded her alimony in the amount of $3,000 per month. This amount is amply supported by the record. We find no error or abuse of discretion in the trial court judgment.
Accordingly, based on the foregoing, the trial court judgment, finding that Ms. Falterman has insufficient means for her support and awarding her $3,000 per month alimony until May of 1999 or until she finishes college, whichever occurs first, is affirmed. Costs of appeal are to be paid by Dr. Falterman.
AFFIRMED.
NOTES
[1] The record is designated and does not include the pleading in which post divorce alimony was requested.
[2] Dr. Falterman does not raise as an issue on appeal his ability to pay the alimony. Therefore, the finding by the trial court that he has the ability to pay, and the amount awarded is not more than one-third of his income is deemed correct.