729 So.2d 1146 (1999)
Asuncion McCARTY
v.
Moss McCARTY, Jr.
No. 98-CA-2270.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1999.
Lindsey M. Ladouceur, Ladouceur and Ladouceur, L.L.C., New Orleans, LA, Attorney for Plaintiff/ Appellant.
Nancy C. Chachere, New Orleans, LA, Attorney for Defendant/Appellee.
Court composed of Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY, Judge Pro Tempore JAMES A. GRAY, II.
JAMES A. GRAY, II, Judge Pro Tem.
The plaintiff, Asuncion Pellitero McCarty, appeals from the trial court's judgment awarding permanent alimony in the amount of $700 per month for a period of eighteen months.

FACTS
The plaintiff, Asuncion Pellitero McCarty ("Asuncion"), and the defendant, Moss McCarty, Jr. ("Moss"), met in 1972, while Moss was stationed in Spain as a member of the Armed Forces of the United States. They were married in Madrid, Spain on January 17, 1976. Later that same year, the couple moved to the United States. The parties have two daughters, both majors.
On October 2, 1995, the parties physically separated. On May 6, 1996, Asuncion filed a Petition for Divorce pursuant to La.C.C.Art. 103, based on the parties' having lived separate and apart in excess of six months. On June 21, 1996, a consent judgment for divorce was rendered. Asuncion reserved the *1147 right to request post-divorce alimony in the future. The consent judgment contained a clause regarding fault, but the clause was stricken and both parties initialed the line out. The record indicates that pursuant to the parties' consent agreement, read into the record on June 21, 1996, the issue of fault was to be determined at such time when the rule for permanent alimony was decided.
On June 4, 1997, Asuncion filed a Rule for Permanent Alimony. On January 12, 1998, Asuncion filed an ex parte motion for interim order of permanent alimony pending trial. The motion was denied. On March 5, 1998, the matter was tried before the Honorable Lloyd J. Medley, Jr., of the Civil District Court for the Parish of Orleans. On March 18, 1998, Judge Medley rendered judgment, awarding Asuncion "Rehabilitative Support" in the amount of $700.00 per month for an eighteen-month period, beginning April 1, 1998 and ending November 1, 1999.
Asuncion filed her Motion for Appeal on April 21, 1998. Asuncion argues that the trial court erred in awarding permanent alimony for a specified, limited term, and that the amount of permanent alimony awarded by the trial court was insufficient.
In response, Moss argues that the trial court should not have awarded permanent alimony in the absence of a finding that Asuncion was free from fault. Moss also argues that if alimony is awarded, the amount awarded was sufficient.

PERMANENT ALIMONY FOR SPECIFIED, LIMITED TERM
The trial court referred to its award of alimony to Asuncion on March 18, 1998, as "Rehabilitative Support". The award was issued pursuant to La. C.C. art. 112, enacted in 1997 by La. Acts 1078, § 1, effective January 1, 1998. Under the revised law, courts are permitted to award time-limited permanent alimony.[1]
Asuncion contends the trial court erred in awarding her "Rehabilitative Support" pursuant to amended Article 112 because that law did not govern her claim for Rule for Permanent Alimony. We agree.
Asuncion filed her Petition for Divorce on May 6, 1996, and Rule for Permanent Alimony on June 4, 1997. The Legislature specifically provided in Act No. 1078 that the 1997 revision to Article 112 "does not apply to actions for separation from bed and board or divorce or actions for incidental relief commenced before January 1, 1998. ... Such actions are to be governed by the law in effect prior to January 1, 1998."[2] Based on the dates Asuncion filed both the Petition for Divorce and Rule for Permanent Alimony, the award of permanent alimony is governed by the law in effect prior to January 1, 1998.
Under Article 112, prior to the 1997 revision, the trial court is permitted to award either permanent periodic alimony or lump sum alimony, the latter of which requires the consent of both parties. The Supreme Court of Louisiana has frowned upon trial courts' awards of permanent alimony with time limits, i.e. "rehabilitative alimony". In Teasdel v. Teasdel, 493 So.2d 1165, 1166 n. 1 (La. 1986), the Court recognized that there is no specific provision in Louisiana law for "rehabilitative alimony".
In Hegre v. Hegre, 483 So.2d 920 (La. 1986), the Court distinguished permanent periodic alimony from lump sum alimony. In its interpretation of Article 112, the Court recognized that permanent periodic alimony is alimony paid periodically rather than terminated after a certain period. Id. at 921-922. It further held that to place a time limit on the award would improperly shift the burden of proof from the obligor spouse to the recipient spouse to show that permanent alimony is still needed. Id. at 924. The court further recognized that a lump sum award may be appropriate, but the language of the statute requires the consent of both *1148 parties. Id. at 924-925, n. 12. In this case, the record does not indicate consent to a lump sum award by either party. Therefore, we conclude the award was not proper under the law in effect at the time Asuncion initiated these proceedings.
The Courts of Appeal of Louisiana have been bombarded with this issue over the years and are guided by the Supreme Court's interpretation of the Article.[3] In Hackett v. Hackett, 591 So.2d 1281, 1285 (La.App. 3d Cir.1991), writ denied, 592 So.2d 1339 (La.1992), the court reversed the one-hundred-eighty-day time limit imposed by the trial court. The court stated its decision was based upon the Supreme Court's decisions in Teasdel and Hegre. In Martin v. Martin, 573 So.2d 620 (La.App. 2d Cir.1991), the court reversed the time limitation imposed by the trial court, holding that there was no statutory authority for imposing the limit. Id. at 623-624. In 1996, the Fifth Circuit Court of Appeal, relying on Hegre, reversed the trial court's award of alimony, which included a twenty-four month time limit. Thibodeaux v. Thibodeaux, 95-671, p. 9 (La.App. 5th Cir. 1/30/96), 668 So.2d 1269, 1273 writ not considered, 96-0549 (La.4/19/96), 671 So.2d 930.
Based upon the lack of statutory authority for imposing time limitations upon permanent periodic alimony and the guidance provided by the Supreme Court, we must reverse the trial court's judgment imposing such a time limit in the present case.

FAULT DETERMINATION
Moss contends that the trial court awarded permanent alimony to Asuncion without properly adjudicating the issue of fault. Asuncion argues that she satisfied her burden of proof at trial and established she was free from fault.
In determining whether or not an award of permanent alimony is warranted, the trial court must first determine if the claimant spouse is free from fault in the dissolution of the marriage.[4] "To constitute fault sufficient to deprive a spouse of permanent alimony, the spouse's misconduct must not only be of a serious nature, but it must also be an independent, contributory, or proximate cause of the [dissolution of the marriage]". Baxter v. Baxter, 607 So.2d 823, 825 (La.App. 1st Cir.1992); Steib v. Steib, 469 So.2d 20, 21 (La.App. 1st Cir.1985); Thibodeaux, supra at p. 5, 668 So.2d at 1272.
The language of the article clearly places the burden of establishing freedom from fault on the claimant spouse, Asuncion. As with any factual finding, a trial court's findings of fact relative to the issue of fault in domestic cases are entitled to real weight and will not be overturned on appeal absent manifest error. See Michelli v. Michelli, 93-2128, p 13 (La.App. 1st Cir. 5/5/95), 655 So.2d 1342, 1350; Rochon v. Rochon, 97-294 (La. App. 3d Cir.10/8/97), 702 So.2d 899. As such, courts have given great weight to the trial court's findings of fact on the issue.
The transcript of the hearing held on March 5, 1998, reflects that both parties alluded to the issue of fault only in passing. Asuncion alleged Moss molested their daughters and that was why she divorced him. Moss alleged it was Asuncion's constant blaming him for things that went wrong in the marriage as well as their arguing that led to the eventual break up. The judgment rendered on March 18, 1998 is silent with respect to fault. The trial judge did not specifically state that there was no legal fault on the part of Asuncion.
After a careful review of the record, we find that we are unable to determine whether or not the trial judge found Asuncion to be free from fault in the dissolution of the marriage. We believe the parties' allegations of fault at trial are insufficient to make such a factual determination. It is not clear that *1149 Asuncion even attempted to satisfy her burden given the fact that her one comment on fault was made on cross-examination. Further, nothing in the record reveals her character and behavior as a wife during the twenty-two years of the marriage. We find that the trial judge is in the best position to make this determination. Thus, we remand this issue to the trial court for a specific ruling as to Asuncion's establishment of freedom from fault.

SUFFICIENCY OF AMOUNT AWARDED
Asuncion contends that the trial court's award of $700.00 per month is insufficient to provide her with the basic necessities of life. Alternatively, Moss asserts that the amount awarded by the trial court was not an abuse of discretion. He contends that since the couple's major daughters reside in the house with Asuncion and contribute to the household expenses, the $700.00 per month award is sufficient.
The trial court has much discretion in fixing the amount of alimony, and the award will not be disturbed unless there is a clear showing of abuse of discretion. Hegre v. Hegre, 483 So.2d 920, 925 (La.1986); Guillory v. Guillory, 626 So.2d 826, 832 (La.App. 2d Cir.1993). Based upon our finding of error in the trial court's award of "rehabilitative support" and our inability to rule on the issue of fault in this matter because of insufficient evidence in the record, we decline to rule on the sufficiency of the award at this time.

CONCLUSION
For the foregoing reasons, we remand this case to the trial court.
REVERSED AND REMANDED.
NOTES
[1] La. C.C. art. 112 now provides in part: ("A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support ....") (emphasis added). The inclusion of the word "duration" allows the court to award rehabilitative support and other forms of support that terminate after a set period of time. See La. C.C. art. 112, Revision Comment (c).
[2] La.R.S. 9:386, enacted by 1997 La. Acts 1078, § 4.
[3] The language of Revision Comment (c) supports the Supreme Court's interpretation of Article 112 in Hegre and Teasdel. Specifically, the language of the comment provides "the 1997 revisions to Articles 111 and 112 were intended to legislatively overrule Hegre and Teasdel".
[4] Prior to the 1997 amendment, Louisiana Civil Code art. 112 provided in pertinent part: "A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income."