I «THOMAS F. DALEY, Judge.
The defendant, Julian P. Brignac, Jr. has appealed the trial court’s award of permanent spousal support to his former wife, Laura F. Brignac. For the reasons that follow, we affirm in part and amend in part.
The parties were married on November 6, 1982 and separated in November 1999. Mrs. Brignac filed for divorce on January 31, 2000. The parties stipulated that Mrs. Brignac was free from fault in the breakup of the marriage. On March 21, 2000, Judge Jo Ellen Grant signed a consent judgment stipulating that Mr. Brignac’s income was $52,000.00 per year and Mrs. Brignac’s income was $10,000.00. The consent judgment provided among other things that Mr. Brignac pay Mrs. Brignac $1,400.00 interim spousal support. On June 20, 2000, Mr. Brignac filed a Motion to Reset Permanent Support. This rule was not heard. On September 8, 2000, Mr. Brignac filed a Motion to Determine Fault and/or Entitlement and to Determine if Final Periodic Support is Due. The parties were granted a judgment of divorce on September 15, [s2000. A hearing on Mr. Brignac’s Motion to Determine Fault and/or Entitlement and to Determine if Final Periodic Support is Due was held November 16, 2000. On December 1, 2000, Judge Grant signed an Interim Judgment of Final Periodic Support that adopted the recommendation of the hearing officer and ordered Mr. Brignac to pay Mrs. Brignac $225.00 per month effective November 16, 2000. The order further stated:
Said Interim Order is provisional in nature and without prejudice to either party and the issue of the specific amount of final periodic support, if any, shall be taken up by the Domestic Commissioner on February, 2001 at 1:30 p.m., along *375 with the pending issues of contempt, interim child and spousal support.
The hearing in front of Domestic Commissioner Craig Cimo was held April 18, 2001 and August 14, 2001. At the conclusion of the hearing, Commissioner Cimo awarded Ms. Brignac interim spousal support in the amount of $1,400.00 per month until March 15, 2001 and permanent spousal support in the amount of $898.00 thereafter. This judgment was signed by the trial court. Mr. Brignac has appealed citing two Assignments of Error.
In his first Assignment of Error, Mr. Brignac argues that the trial court erred in continuing Ms. Brignac’s interim support until March 14, 2001 instead of terminating it on November 16, 2000 when Mr. Brignac’s Motion to Determine Permanent Support was set.
The Louisiana Civil Code sets forth the rules governing spousal support. La. C.C. art. Ill establishes that in a proceeding for divorce the court may award interim periodic support to a party or may award final periodic support to a party free from fault based on the needs of that party and the ability of the other party to pay.
La. C.C. art. 113 provides that when a demand for final support is pending, the court may award a party an interim spousal support allowance based on the needs of | ¿that party, the ability of the other party to pay, and the standard of living of the parties during the marriage. La. C.C. art. 113 goes on to state that an award of interim spousal support, “shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first.” La. C.C. art. 114 provides that an award of periodic support may be modified if the circumstances of either party materially changes and shall be terminated if it has become unnecessary.
Interim spousal support is measured based on the standard of living of the parties during the marriage. Fault is not a consideration. Final periodic support requires that the party seeking the support be free from fault and the court must evaluate the need of the party and consider the relevant factors enumerated in La. C.C. art. 112.
In his Reasons for Judgment, Commissioner Cimo stated that, “Mr. Brignac cannot interrupt Ms. Brignac’s entitlement to interim spousal support simply by requesting a hearing on permanent spousal support.” We disagree. Based on the clear language of La. C.C. art. 113 an, “award of interim spousal support allowance shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of the judgment of divorce, whichever occurs first.” La. C.C. art. 114 allows either party to bring a motion to modify or terminate support. La. C.C. art. 112 sets forth the criteria for determining final periodic support. Since the issue of fault and the criteria for determining final periodic support under La. C.C. art. 112 were not necessarily considered when setting interim spousal support, either party may move to have final support reviewed post divorce. In this case, Commissioner Cimo noted that since fault was not an issue Mr. Brignac had no basis for bringing the Motion to Set Final Periodic Support. We disagree. |BSince the interim periodic spousal support terminates upon the fixing of the final support, and since the legal criteria for establishing interim support and final support are different, Mr. Brignac had an interest to pursue.
According to the record Judge Grant signed an Order on December 1, 2000, which was a Judgment of Final Sup *376 port. Therefore, the previous award of interim support terminated on December 1, 2000, when the Judgment of Final Support was rendered. Consequently, Commissioner Cimo’s order awarding the interim support of $1,400.00 per month until March 15, 2001, effectively one hundred eighty days after the judgment of divorce, was in error. The final support award of $898.00 becomes retroactive to December 1, 2000, the date the Judgment of Final Periodic Support was granted by Judge Grant. Accordingly, the judgment of the trial court awarding final support is amended to reflect this adjustment.
In his second Assignment of Error, Mr. Brignac argues the trial court erred in awarding final support of $898.00 because that amount exceeds Ms. Brignac’s needs for final support purposes. Specifically, Mr. Brignac contends that the $250.76 medical expenses, $704.00 housing expenses, $35.00 personal grooming, $340.00 auto expenses, and $383.00 minimum credit card payments are not supported by the record and are not allowed under the case law.
As in the case of interim support, a trial court is vested with great discretion in awarding permanent support and this award will not be disturbed absent manifest error. Falterman v. Falterman, 98-158 (La.App. 5 Cir. 1/13/99), 726 So.2d 1023. La. C.C. art. 112 states all “relevant factors” must be considered in determining the entitlement, amount, and duration of final support. These factors may include: income, means, and assets of both spouses, the liquidity of such assets, each spouses’ financial obligations and respective earing capacities, the time necessary for the | ^recipient to acquire appropriate education, training or employment, the health and age of the parties, their obligations to support or care for dependent children, the duration of the marriage, and any other relevant circumstances.
Regarding the medical expenses, the parties stipulated to Mrs. Brignac’s medical expenses of $185.76 per month. This amount did not include the $65.00 per month Mrs. Brignac spends on therapy. Mr. Brignac specifically claims that the $65.00 per month for therapy for Mrs. Brignac is not allowed. Mrs. Brignac testified that she sought therapy after Mr. Brignac left the family home and admitted to a long time affair with his secretary. Mrs. Brignac described her pain and feelings of abuse and stated that she had not been discharged from therapy after one and a half years. We find no abuse of discretion in the trial court’s award of $65.00 per month for therapy. See Thibodeaux v. Thibodeaux, 95-671 (La.App. 5 Cir. 1/30/96), 668 So.2d 1269.
The trial court awarded Mrs. Brignac $704.00 per month for housing expense. This does not include payment on the mortgage because Mrs. Brignac testified that the mortgage holder, Mr. Brignac’s father, informed her that as long as she and her son were living in the house, they would not have to pay the note. Mr. and Mrs. Brignac stipulated to housing expenses for utilities, taxes, insurance, and supplies in the amount of $452.00 per month. This amount does not include expenses for extensive repairs and maintenance. Mr. Brignac argues that half of this amount ($226.00) should be attributed to the child support he pays and the court should have only awarded $226.00. This argument is without merit because the parties stipulated to these expenses for the purpose of setting permanent support.
Mrs. Brignac testified extensively as to the condition of the family home. The parties were intending to tear the home down and build a new one, so maintenance and repairs had not been performed for several years. Mrs. Brignac *377 testified that prior to 17the separation, the home flooded, ruining the carpet. She explained that the carpet was removed, but not replaced, leaving bare cement floors. She testified that the home had not been painted in several years and was cracking. There were major plumbing problems and the main sewer line under the house had to be replaced. She also had to replace the air conditioner, heating coils, and dishwasher. She stated that the house had termites, was settling, was cracking, needed a new garage door, and siding. This testimony was not refuted by Mr. Brignac. Mr. Brignac characterizes these repairs as a “home improvement frenzy.” We disagree, these are necessary repairs and maintenance that must be performed to keep the house habitable. We see no abuse of discretion in the trial court’s award, which includes amounts to repair the 40 year old home.
Mr. Brignac claims that the $35.00 per month personal grooming expense is not a necessity for financial support. Mrs. Brignac testified that she gets her hair cut and colored every five to six weeks at a cost of $98.00. We see no abuse of discretion in the award for personal grooming expense. See Thibodeaux, supra.
The court awarded Mrs. Brignac $340.00 for automobile expenses. The parties stipulated to a total of $140.00 for automobile expenses per month, which included insurance, oil changes, and tolls. They did not stipulate to expenses for maintenance and repairs on the car. Mrs. Brignac testified that she drives a 1993 Lexus within excess of 114,000 miles. Since the break up of the marriage, the car needed thousands of dollars worth of repairs, including repairs to the brakes, timing belt, fuel line, and vacuum system. Her testimony was supported by receipts for these repairs. Mrs. Brignac lives on the westbank of Jefferson Parish and works in uptown New Orleans. A car is required for her to get to work every day. Considering the age of her car, we |Rdo not find the trial court’s award of approximately $200.00 per month for maintenance to be an abuse of discretion.
Finally, Mr. Brignac complains that the trial court erred in awarding $383.00 per month for minimum credit card payments. Mrs. Brignac testified that there were balances on several credit cards when the parties separated. She stated that she had not used any credit cards after the termination of the community. She explained that after Mr. Brignac left, he stated he wanted the couple’s bedroom furniture, so she purchased new bedroom furniture. These minimum payments also include payments on a small business loan made by the parties in 1995. The monthly minimum amounts due were for balances incurred prior to filing the Petition for Divorce, therefore, they were properly included in Mrs. Brignac’s monthly expenses.
For the foregoing reasons, the judgment of the trial court is affirmed as amended. All costs, including the cost of this appeal, are assessed to appellant.
AFFIRMED AS AMENDED.